## The State v. Harris, *Appellant.*

### Division Two, May 8, 1894.

| 121 | 445 |
|---|---|
| 122 | 115 |
| 123 | 296 |
| 121 | 445 |
| 128 | 653 |
| 121 | 445 |
| 142 | 149 |
| 73a | 655 |
| 121 | 445 |
| 150 | 68 |
| 150 | 429 |
| 76a | 469 |
| 121 | 445 |
| f154 | 89 |
| 121 | 445 |
| 88a | 552 |
| 121 | 445 |
| 92a ² | 85 |
| 121 | 445 |
| 94a | 571 |

1. **Practice**: FILING BILL OF EXCEPTIONS: COMPUTATION OF TIME. Where on August 9 defendant is given leave to file his bill of exceptions in vacation "sixty days from this date" a bill filed on October 9 is not filed in time.

2. ———: FILING MOTION FOR NEW TRIAL: SUNDAY. Sunday is to be excluded in computing the four days allowed for filing a motion for new trial.

3. ———: ———: ———: JUDICIAL NOTICE. The supreme court will take judicial notice of the calendar to ascertain whether one of the intervening days was Sunday.

*Appeal from Greene Circuit Court.*—HON. J. J. GIDEON, Judge.

AFFIRMED.

*Weir & Hilton* for appellant.

*R. F. Walker*, Attorney General, and *Morton Jourdan*, Assistant Attorney General, for the state.

(1) The record proper clearly shows that the bill of exceptions was not filed within the time allowed by

court. This being true, the judgment must be either affirmed or reversed upon the record. *State v. Britt*, 23 S. W. Rep. 771; *State v. Seaton*, 106 Mo. 198; *State v. Mosley*, 22 S. W. Rep. 804; *State v. Apperson*, 22 S. W. Rep. 375; *State v. Ryan*, 22 S. W. Rep. 486; *State v. Harben*, 105 Mo. 603; *State v. Berry*, 103 Mo. 367; *State v. Hill*, 98 Mo. 570; *State v. Pints*, 64 Mo. 317. (2) The further objection is urged to the consideration of the purported bill of exceptions, that there is no record entry showing that the bill was filed at any time. This is essential to its preservation. *Dinwiddie v. Jacobs*, 82 Mo. 195; *Pope v. Thompson*, 66 Mo. 661; *Lumber Co. v. Howard*, 76 Mo. 517; *McGrew v. Foster*, 66 Mo. 30; *Roesler v. Bank*, 88 Mo. 565. Neither the indorsement of the filing on the back of the bill by the clerk, nor the certificate of the judge that it is signed, sealed and made a part of the record, will suffice. (3) The record presents no error. The indictment is in the language of the statute defining the offense. R. S. 1889, sec. 3480.

GANTT, P. J.—The defendant was indicted and convicted in the criminal court of Greene county, for rape on Mattie Williams. There are two counts in the indictment. In one count, the female is alleged to have been under the age of fourteen years; in the other count, the rape is charged to have been committed by force and against her will. The defendant is not represented in this court by counsel or brief.

The verdict was rendered July 29, 1893, and the motion for new trial was filed August 3, 1893. On the ninth of August leave was given defendant to file his bill of exceptions. "Sixty days from this date, in vacation, with the clerk of the court." The record shows that the bill of exceptions was filed October 9, 1893.

The attorney general insists that the bill of exceptions can not be entertained by this court, because it was not filed within the time allowed by the order and leave of the court. Excluding the ninth day of August, the day on which the leave was given, it is clear that the sixty days expired October 8, and the point made is well taken. *State v. Seaton*, 106 Mo. 198; *State v. Harben*, 105 Mo. 603. In computing this time, we are necessarily governed by the entries in the record proper and not the recitals in the bill of exceptions.

A careful examination of the record proper discloses no error; on the contrary, the court seems to have proceeded very carefully, and the record is very complete. The motion for new trial was filed in time. While our statute is mandatory in requiring the motion to be filed in four days, as was held in *State v. Brooks*, 92 Mo. 542–591, yet it has been ruled to mean four judicial days. And as we take notice of the calendar, we find July 29, 1893, was Saturday. The intervening Sunday will be excluded from the computation, and the motion being filed on Thursday, the third of August, was in time. *Bank v. Williams*, 46 Mo. 17; *Cattell v. Dispatch Publishing Co.*, 88 Mo. 356.

The judgment is affirmed. All of this division concur.