GRAHAM, Appellant, v. DEGUIRE.

**Division One, February 5, 1900.**

**Appeals: BILL OF EXCEPTIONS: FILED OUT OF TIME.** A bill of exceptions filed on July 25th, where the order of court made on April 25th allowed appellant ninety days within which to file his bill, is not filed within time; and unless there are errors in the record proper there is nothing before the appellate court for review.

Appeal from Madison Circuit Court.—*Hon. James D. Fox,* Judge.

AFFIRMED.

*L. R. Thomason* and *H. S. Shaw* for appellant.

*R. A. Anthony* for respondent.

On April 25, 1896, as the record discloses, appellant was granted ninety days within which to file a bill of exceptions. While the record certified to this court does not properly show a finding at any time, yet it is alleged in said record that the bill was filed on July 25, 1896. Even if this were true, yet the filing was not within ninety days under the rule laid down by this court in a number of cases. The bill of exceptions, in accordance with the repeated declarations of this court, will be ignored and the judgment affirmed. State v. Harris, 121 Mo. 445; Linahan v. Barley, 124 Mo. 560; State v. Simmons, 124 Mo. 443; State v. Scott, 113 Mo. 560; State v. Apperson, 115 Mo. 470; Loewen v. Hicks, 63 Mo. App. 79; State v. Schuchman, 133 Mo. 111.

MARSHALL, J.—This is an action in ejectment to recover a parcel of land in Madison county, described in the petition as follows: "Beginning at the northwest corner of

the lot known as the Pottery lot on the east side of Mine La
Motte avenue in the city of Fredericktown, Missouri, thence
east 142 feet, thence north fifty feet, thence west with the
southern boundary line of the residence premises of Allen
Deguire 142 feet to Mine La Motte avenue, thence south
with the east line of said avenue to the place of beginning,
containing about one-half of an acre." The petition sets
out the plaintiff's right to the possession to be by a warranty
deed from E. S. Graham, dated October 14th, 1895, and that
E. L. Graham acquired title thereto by a warranty deed from
Felix J. Parkins, dated September 25th, 1893, and that
Parkins acquired title thereto by warranty deed from M.
Deguire, dated March 14th, 1892.

The answer is a general denial, a plea of the statute of
limitations and a counterclaim for damages for libel of title.

The case was tried by the court, without the aid of a
jury. No instructions were asked by either party and none
were given by the court. The trial resulted in a verdict and
judgment for the defendant, from which the plaintiff appealed
on the 25th day of April, 1896, and he was granted leave to
file his bill of exceptions within ninety days. The bill of
exceptions was filed on the 25th day of July, 1896, and it is
now insisted by respondent that the bill of exceptions was
filed out of time and hence there is nothing before the court
for review but the record proper. Excluding the 25th day of
April, the day on which the order was made as is required in
computing time by section 6570, R. S. 1889, the ninety days
allowed expired on July 24th; that is, the remaining five days
of April, thirty-one days of May, thirty days of June, and
twenty-four days of July made together ninety full days after
the order was made. The bill of exceptions was filed on
July 25th, which was therefore one day too late.

This case finds an exact parallel in the case of State v.
Harris, 121 Mo. 445. There the defendant was on August
9th, 1893, given leave to file his bill of exceptions, "sixty

days from this date, in vacation, with the clerk of the court." He filed the bill on October 9th, and it was insisted by counsel and decided by this court that the sixty days expired on October 8th, and hence the bill was filed one day too late, and therefore only the record proper was considered.

State v. Seaton, 106 Mo. 198, is even a stonger illustration of the strictness required in obeying the order granting time to file a bill of exceptions. The defendant was convicted of murder in the first degree and sentenced to be hung. On the 15th of September, 1890, the day on which he was so sentenced, he was given leave to file his bill of exceptions "within ninety days from that date." The bill of exceptions was presented to the judge on the 11th of December and he signed it on that date, but, for some undisclosed reason, it was not filed with the clerk of the court until the 15th day of December, 1890, and it was held to be one day too late, and only the record proper was examined, resulting in an affirmance of the judgment.

In State v. Simmons, 124 Mo. 443, the defendant was convicted of murder in the second degree and sentenced to ten years imprisonment in the penitentiary. On December 14th, 1893, leave was given him to file his bill of exceptions "on or before sixty days from this date in vacation of said court." The bill was signed and filed on February 13th, 1894. It was held that the sixty days expired on February 12th and that, "after that neither the judge nor the parties could add aught to it and the attempt to do so by then filing a bill was without legal sanction and must be disregarded." Accordingly the record proper only was examined, and no errors appearing therefrom the judgment of the lower court was affirmed.

Linahan v. Barley, 124 Mo. 560, was a suit in ejectment. The plaintiff recovered judgment. The defendant was on September 30, 1891, given leave to file his bill of exceptions "in sixty days." The bill was filed on November 30, 1891.

It was held that the sixty days expired on the 29th of November and hence it was filed one day too late, and therefore it could not legally be considered, and formed no part of the record.

Thus we see that in criminal cases of all grades from murder down, and in civil cases, where the defendant has been ejected from the land in controversy, the rule has been strictly and uniformly adhered to that bills of exception must be filed within the time granted for that purpose, and that when the bill is filed even one day after the time has expired, it will be too late, and that neither the court nor the parties can thereafter make such a bill a legal bill of exceptions, but that in all such cases only matters appearing on the face of the record proper can be reviewed by the appellate court. This is a strict construction, but it is what the statute then in force, and that which was in force when this appeal was taken, prescribed. No reason or explanation has been given for not filing this bill of exceptions within the time granted. There is therefore nothing open to review in this case, except the record proper, and there is not even a claim that there is any error apparent thereon. This results in an affirmance of the judgment of the circuit court. It is so ordered. All concur.