## LONG, Appellant, v. HAWKINS et al.

### Division One, November 25, 1903.

1. **Appeals:** FILING CERTIFICATE OF JUDGMENT. If no certificate of the judgment and order of appeal was filed in the Supreme Court within sixty days after the appeal was allowed, the judgment will be affirmed or the appeal dismissed.

2. ——: MOTION FOR NEW TRIAL. Unless the motion for a new trial was filed within four calendar days after verdict, the bill of exceptions will not be considered on appeal.

Appeal from Phelps Circuit Court.—*Hon. L. B. Woodside,* Judge.

AFFIRMED.

*Crites & Garrison* and *Arthur Corse* for appellant.

*Thos. M. & Argus H. Jones* for respondents.

(1)   The motion for new trial was not filed in time and was not made and filed within four days after the trial of the cause.   This is mandatory.   Sec. 803, R. S. 1899; Bank v. Bennett, 138 Mo. 494; State v. Maddox, 153 Mo. 471; Bank v. Porter, 148 Mo. 176; St. Joseph v. Robeson, 125 Mo. 1; Allen v. Brown, 5 Mo. 323; Malone v. Railroad, 122 Mo. 106.   The fact that the court is not in session on any of the consecutive days between the termination of the trial and the filing of the motion, is immaterial; and such fact will not extend the time for filing of the motion.   Beckman v. Ins. Co., 49 Mo. App. 604; Schewalter v. McGrew, 60 Mo. App. 288.   The fact that the court then adjourned to a day certain does not lengthen the time.   State ex rel. v. McGowan, 62 Mo. App. 625; State v. Brooks, 92 Mo. 591; Hecht v. Hiemann, 81 Mo. App. 370; Pound v. Cassity, 91 Mo. App. 424.   (2)   There is no bill of exceptions in this case. A bill of exceptions must be filed in order to constitute a part of the record, and this must appear by an entry in the record proper.   Neither the indorsement of the clerk on the bill of exceptions "filed with day and date, nor the statment by the judge that it was signed, sealed and made a part of the record, nor both, will suffice." Pope v. Thompson, 66 Mo. 661.   In the case at bar there is no entry in the record that a bill of exceptions was ever filed.   The only memorandum anywhere on the record is an entry on the back of a purported bill of exceptions, "Filed September, 1898."   Carter v. Pryor, 78 Mo. 226.   Where the record shows that the bill of exceptions was not filed within the time allowed by the court, it will be disregarded.   State v. Thompson, 149 Mo. 139.   And so it has been held that where leave is granted to file a bill of exceptions in vacation, there must be some certificate in the bill itself, signed by the clerk, indicating the fact and the date of filing, and some entry made by the clerk in the record of the court to that effect.   Lafallette v. Thompson, 83 Mo. 199;

State v. Rolley, 135 Mo. 677.   (3)   This case should be dismissed and the judgment of the circuit court affirmed because appellant has failed to comply with rule 13 of this court.   Johnson v. Carrington, 120 Mo. 315; Noland v. John, 126 Mo. 167.

MARSHALL, J.—This is a bill in equity by the plaintiff, as assignee of one William Kinnard, to redeem a certain tract of one hundred and ten acres of land in Phelps county.   The petition charges that Kinnard was indebted to the Rolla National Bank, in the sum of five hundred dollars, which was represented by a note, on which the defendant Hawkins was security and indorser, and that to protect Hawkins, Kinnard in 1892, executed a quitclaim deed to the land to Hawkins, upon the agreement that the land should be held as such security and should be reconveyed upon Kinnard paying the debt to the bank, that is, that though in form the conveyance was a deed, in reality it was only a mortgage; that on June 5, 1897, Hawkins conveyed the land to the defendants Ballance and Walker, and they conveyed a life estate therein to Martha Ballance, but that they all took with notice that the conveyance from Kinnard to Hawkins was only a mortgage; that in September, 1897, Kinnard conveyed the land to the plaintiff; that on June 5, 1897, Hawkins paid the debt of Kinnard, for which he was security, to the bank, amounting to $509, and the bill tenders that sum with interest to the defendants, and asks leave to redeem, and that the deeds aforesaid be cancelled, and the title be adjudged to the plaintiff.

The answer admits the several conveyances, but denies that the deed from Kinnard to Hawkins was in reality a mortgage, and alleges that it was a conveyance in consideration of $825 paid by Hawkins to Kinnard, sets up a misdescription in the deed as to thirty acres, asks a reformation of the deed, and for possession of the land, damages, rents and profits.

The replication reaffirms the statements of the petition.

It appears that the defendants had a suit in ejectment for the land, pending against the plaintiff and Kinnard, and that by consent the two cases were consolidated and tried together.

The trial court entered judgment on March 31, 1898, which was at the March term, 1898, for the defendants Murphy, Ballance and Walker, corrected the error in the deed as to the thirty acres, awarded the possession to the defendants, and fixed the rents and profits at six dollars and fifty cents a month.

The record shows that the next entry was on April 2, 1898, which was of the filing of an agreement that if an appeal should be taken, the bond should be for costs only, and that a writ of restitution should issue at once.

The record shows the next entry to be on June 21, 1898, and which was at the March term, 1898, and was of the filing of a motion for a new trial.

Afterwards on June 22, 1898, the motion for a new trial was overruled, an affidavit for an appeal to the Supreme Court was filed, an appeal was granted as prayed, an appeal bond was filed and approved, and one hundred and ten days allowed in which to file a bill of exceptions.

No further entries of record appear until March 27, 1900, when the following entry was made: "Affidavit to supply bill of exceptions filed, and it is ordered that same be supplied and filed as on the 10th day of September, 1898."

The clerk's certificate shows that these are all the entries that appear of record in the case.

This certificate of the record entries, together with what purports to be a bill of exceptions, fastened thereto as a sort of prefix, was filed in this court on April 18, 1901.

The abstract of the record filed by appellant covers one page. It does not set out the testimony either in

whole or in substance, nor does it contain so much thereof as is sufficient to enable the court to understand the same.

Upon this state of the record the defendants ask to have the judgment affirmed or, at any rate, the appeal dismissed.

The judgment was entered on March 31, 1898. The motion for new trial was filed on June 21, 1898, and overruled on June 22, 1898. An appeal was granted on June 22, 1898, and no perfect transcript or certified copy of the judgment, was filed in this court until April 18, 1901, and there has been a failure to file such an abstract of the record as is required by the rules of this court.

The motion for a new trial was not filed within four days after the trial as required by section 803, Revised Statutes 1899, and therefore no matters of exception are open to review in this court. [State v. Marshall, 36 Mo. 400; Moran v. January, 52 Mo. 523; Welsh v. St. Louis, 73 Mo. 71; State v. Brooks, 92 Mo. l. c. 591; Maloney v. Railroad, 122 Mo. 114.]

The four days contemplated by the statute are calendar days (Sunday excepted) and not days on which the court is in session or "court days" as they are commonly called.

The appeal was granted on June 22, 1898. It was, therefore, returnable to the October term, 1898, of this court. No perfect transcript or certified copy of the judgment, in fact nothing, was filed in this court until April, 1901, that is, until nearly three years after the appeal was taken. No cause is attempted to be shown for this failure. This is cause for affirmance under section 812, Revised Statutes 1899.

Under these conditions it is unnecessary to refer to the claimed failure to comply with the rules. The judgment of the circuit court is affirmed. All concur.