CONRAD STUTZ et al. v. JOHN B. CAMERON et al., Appellants.

**Division One, January 3, 1914.**

1. **NOTICE: Computation of Time: Excluding Sunday.** Where the statute, in a public road case, requires the notice to be "put up at least twenty days before the first day of the regular term of the county court," and that term began on Monday, November 7th, a notice, notifying interested parties that a petition for the road would be presented "on the 7th day of November," posted on October 18th, was notice for twenty days, although the statute (Sec. 8057, R. S. 1909) says that "if the last day be Sunday it shall be excluded" in the court. Those words in the statute have no application to the computation of the time unless something is to be done on Sunday; then that day, when it is the last day, is to be excluded, but this notice required the parties to appear on Monday, and therefore nothing was to be done on Sunday.

2. **PUBLIC ROAD: Commissioners not Sworn: Appeal to Circuit Court.** Whether or not the commissioners appointed by the county court to view the property and assess damages for the public road were sworn, is immaterial where the landowners asked for and received a trial by jury, and appealed from their verdict to the circuit court, where a jury trial was accorded to them. After such appeal the trial is *de novo* in the circuit court, on the question of damages, and before a jury, and things done erroneously in the county court do not concern the circuit court, if it has jurisdiction.

3. ———: ———: **Erroneous: Assessment of Damages.** Whether or not the commissioners, appointed by the county court to assess damages and benefits in the matter of opening the public road, erroneously excluded some lands and erroneously included others in their report, is in no sense jurisdictional, and a matter with which the circuit court has no concern.

Appeal from Clark Circuit Court.—*Hon. Charles D. Stewart,* Judge.

AFFIRMED.

*W. L. Berkheimer* and *Bert L. Gridley* for appellants.

(1) The court erred in not sustaining the motion of the appellants to dismiss this cause for the reason it had no jurisdiction on account of the defective notice. The evidence shows that the notice of the presentation of the petition herein was posted on the 17th day of October, 1910, after dark and while the moon was shining, and the court will take judicial notice: 1st, that there are 31 days in the month of October; 2d, that the first Monday in November is the 7th day of said month. Discarding the first day, the count will commence on the 18th day of October, the last day would be Sunday the 6th of November, which by virtue of the statute should be disregarded in the count, and the notice of this proceeding was posted nineteen days. R. S. 1909, secs. 8057 and 10346. These statutes are to be strictly construed. Shafner v. St. Louis, 31 Mo. 264; Lind v. Clemmens, 44 Mo. 450; Blize v. Castlio, 8 Mo. App. 290; Anderson v. Pemberton, 89 Mo. 61; St. Louis v. Gleason, 89 Mo. 67; School Dist. v. Dorton, 125 Mo. 439. Applications to open public roads are summary in their nature, and are had with a view to condemn the property of the citizen for the benefit of the public, and must be conducted in strict compliance with the statute, or the court will acquire no ju-

risdiction. Spurgeon v. Bartlett, 56 Mo. App. 349; St. Louis v. Koch, 169 Mo. 587; Anderson v. Pemberton, 89 Mo. 61; Ellis v. Railroad, 51 Mo. 200; Whitley v. Platt County, 73 Mo. 30; Colby v. Judy, 73 Mo. 651; Railroad v. Townsite Co., 103 Mo. 462; In re Bledsoe Hill, 200 Mo. 642; Williams v. Kirby, 169 Mo. 622; Gates v. Crandall, 123 Mo. App. 418. The days on which the first act is done (posting the notices) must be excluded from the computation, and the whole number of days must intervene before the time fixed for doing the second act (the action of the county court in this case). Pitts v. Shew, 4 Barn. & Ald. 208; Mitchell v. Foster, 4 Perry & D. 150; Queen v. Justice, 8 Adol. & E. 173; Zouch v. Emsy, 4 Barn. & Ald. 522; Hardy v. Pyle, 9 Barn. & C. 603; Judd v. Fulton, 4 How. Prac. 298; Oswego v. Ives, 2 Hill, 355; Turnpike Co. v. Haywood, 10 Wend. 422; Small v. Endrick, 5 Wend. 137; Rankin v. Woodworth, 6 Pa. 48; Wood on Limitations, sec. 56; Eaton v. Lyman, 33 Wis. 36; Collins v. Smith, 57 Wis. 286. (2) Again, the court had no jurisdiction for the reason, the report of the commissioners show, on its face that the commissioners did not assess the damages and benefits to each particular tract of land affected by opening and establishing said road, but did in their report therein, report the damages and benefits to ten acres of said lands when the proof shows that said ten acres was the south side of fifty-five acres laying along said proposed road. There is no assessment of damages or benefits to the balance of the fifty-five acres or the eighty acres adjoining. The same section provides "that the commissioners shall assess the amount of damages to each tract of lands separately together with the names of each party interested therein with a description of the lands on which damages were assessed." This is a jurisdictional fact. Spurgeon v. Bartlett, 56 Mo. App. 355; Anderson v. Pemberton, 89 Mo. 61; Railroad v. Kellogg, 54 Mo. 334;

Jefferson County v. Cowen, 54 Mo. 234; Whitley v. Platt Co., 73 Mo. 30. (3) The court had no jurisdiction for the reason the record of the county court does not state or recite that the commissioners were sworn before they entered upon their duties as provided by the statute. True the report of the commissioners does recite that they were sworn before they entered upon their duties and the affidavit is attached. This is not sufficient. The record of the county court must find that they were sworn to perform their duties as such. In re Bledsoe Hill, 200 Mo. 645.

*W. T. Rutherford* and *T. L. Montgomery* for respondents.

(1) The notices of the intended application for opening the new road were posted on the evening of October 17, 1910, and the regular term of the county court convened on Monday, November 7, 1910. Thus at least twenty days intervened before the first day of the November, 1910, term of said court. Secs. 8057, 10436, R. S. 1909. (2) On the first day of the November, 1910, term of the county court respondents filed and presented the petition for the location of the proposed new road, and on that day appellants appeared in said court as remonstrators and filed their remonstrance to the petition, and their lands being the only lands affected by the proposed new road, they will not now be heard to complain, either as landowners or taxpayers, about the insufficiency of the notice. Secs. 10436, 10437, 10461, 10462, R. S. 1909; Lewis, Eminent Domain (3 Ed.), sec. 580; Railroad v. Maddox, 92 Mo. 469; Searcy v. Clay Co., 176 Mo. 493; Banbie v. Issman, 142 Mo. 499; Spurdock v. Dorman, 182 Mo. 249. (3) The remonstrators in the county court (appellants here), having appeared at the hearing on the petition in the county court, they cannot now object to the want of a proper notice to other persons, if any, affected by the location of the proposed new road.

Lewis, Eminent Domain (3 Ed.), sec. 584; Ross v. Supervisors, 1 L. R. A. (N. S.) (Iowa) 431; Walpert v. Newcomb, 106 Mich. 357; Hauser v. Burbank, 117 Mich. 642; Brady v. Hayward, 114 Mich. 326; Carr v. Boone, 108 Ind. 241; Hurst v. Martinsburg, 80 Minn. 40; Woodworth v. Spirit Mound Twp., 10 S. D. 504. (4) The notices of the intended application for the new road having been posted on October 17, 1910, and the first day of the next regular term of the county court, being the one beginning Monday, November 7, in computing the time in determining whether "at least" twenty days' notice was thereby given "before" the first day of the regular November term of said court, the day the notices were posted (October 17) should be excluded and the first day of the term (Monday, November 7), should be included. Sunday, November 6, 1910, should not be excluded. Sec. 8057, R. S. 1909; State v. Fleetwood, 143 Mo. App. 699; State v. Brown, 130 Mo. App. 217; State v. Polk, 144 Mo. App. 329; Sappington v. Lenz, 53 Mo. App. 49-51; Evans v. Railroad, 76 Mo. App. 469; State ex rel. v. Stuckey, 78 Mo. App. 545; Hahn v. Lang, 122 Mo. 605; Gray v. Worst, 129 Mo. 130; Keys v. Keys, 217 Mo. 64. (5) It is an established rule that when notice of so many days is required by statute, order of court, or written instrument, before a certain thing is to be done, or a certain event is to occur, the day of giving, serving or publishing the notice is to be excluded and the last day is to be included, so that if the act is done or the event occurs on the last day, it is sufficient. 38 Cyc. 322-d; Richter v. State, 156 Ala. 127; Wilson v. Creditors, 55 Cal. 476; Misch v. Mayhew, 51 Cal. 514; Wahl v. Nauvoo, 64 Ill. App. 17; Page v. Weymouth, 47 Me. 238; Walsh v. Boyle, 30 Md. 262; Gantz v. Toles, 40 Mich. 725; Mitchell v. Woodson, 37 Miss. 567; Hall v. Cassidy, 25 Miss. 48; Taylor v. Corbiere, 8 How. Pr. 385; Jackson v. Van Valkenburg, 8 Cow. 260; Irving v. Humphreys, Hopk. 364; People v. Marsh, 2 Cow.

(N. Y.) 493; Hicks v. Ins. Co., 60 Fed. 690, 9 C. C. A. 215; People to use v. Barry, 18 L. R. A. (Mich.) 337; State ex rel. v. Eggleston, 34 Kan. 714; State v. Water Co., 56 N. J. L. 422; Coe v. Railroad, 27 Minn. 197. (6) Where the words "at least" are used they do not change the requirement of the number of days or affect the rule that either the first or last day shall be excluded and the other day included, or change the requirement into one of entire days. State v. Water Co., 56 N. J. L. 422; Sappington v. Lenz, 53 Mo. App. 44; Stebbins v. Anthony, 5 Colo. 348; Arnold v. Nye, 23 Mich. 286. (7) It is only when an act is to be done on Sunday that the day is to be excluded under the statutory rule of computation. Robinson v. Foster, 12 Iowa, 186; Conklin v. Marshalltown, 66 Iowa, 122; Merritt v. Bank, 100 Ga. 147, 38 L. R. A. 749; Evans v. Railroad, 76 Mo. App. 468; Jordan v. Railroad, 92 Mo. App. 85; Bank v. Williams, 46 Mo. 17; Cattell v. Pub. Co., 88 Mo. 356; State v. Harris, 121 Mo. 447; Maloney v. Railroad, 122 Mo. 115; State v. May, 142 Mo. 135; Keys v. Keys, 217 Mo. 64. (8) It is the rule in most jurisdictions, including Missouri, that intervening Sundays, that is, Sundays which fall on neither the first nor last day, are to be included in computing a period of time. 38 Cyc. 332; State v. Green, 66 Mo. 631; Russell v. Croy, 164 Mo. 93; Patchin v. Bousack, 52 Mo. 431; Porter v. Paving & Const. Co., 214 Mo. 15; Wilkinson v. Costello, 14 Ga. 122; Gordon v. People, 154 Ill. 664; Womack v. McAhren, 9 Ind. 6; Matthews v. Arthur, 61 Kan. 455; Cressey v. Parks, 75 Me. 387; State v. Wheeler, 64 Me. 532; Robbins v. Holman, 11 Cush. 26; Thayer v. Felt, 4 Pick. 354; Corey v. Hiliker, 15 Mich. 314; Anderson v. Baughman, 6 Mich. 298; King v. Dowdall, 2 Sandf. 131; Broome v. Wellington, 1 Sandf. 664; Brown v. Smith, 9 Johns. 84; Drake v. Fletcher, 50 N. C. 410; Craig v. Ins. Co., 80 S. C. 151; Wood v. Galveston, 76 Tex. 26; Payton v. State, 35

Tex. Cr. 508; Swift v. Wood, 103 Va. 494; Bowles v. Braner, 89 Va. 466. (9) The words "before" when used as to time in a statute may be held to mean inclusive, as well as exclusive. 5 Cyc. 679; Webster v. French, 12 Ill. 302. (10) Filing a proper petition for the new road with the clerk of the county court on the first day of the November term, 1910, was a presentation thereof to the county court within the meaning of section 10436. Keys v. Keys, 217 Mo. 65. (11) A hearing was had upon the report of the commissioners upon objections filed by appellants, and all irregularities as to the oath of the commissioners, their qualifications and the filing of their report were waived by appellants. Lewis, Eminent Domain (3 Ed.), sec. 632; Raymond v. County Comrs., 63 Me. 110; Petition of Guilford, 25 N. H. 124; Wentworth v. Farmington, 51 N. H. 128; Railroad v. McKinley, 64 Ill. 338; Town v. Stoddard, 30 N. H. 23; People v. Gilon, 76 Hun, 346; Patton v. Clark, 9 Yerg. 268; Bennett v. Hall, 184 Mo. 421. (12) When a petition meeting the requirements of Sec. 10435, R. S. 1909, has been filed on the first day of the regular term of the county court, and notices required by Sec. 10436, R. S. 1909, have been posted, the county court has then acquired jurisdiction of the subject-matter and of the persons of those interested, and on appeal the circuit court acquires jurisdiction. Bennett v. Hall, 184 Mo. 417; Wilhite v. Wolfe, 179 Mo. 479; Ziebald v. Foster, 118 Mo. 349; Lingo v. Burford, 112 Mo. 155; Crenshaw v. Snyder, 117 Mo. 178. (13) The county court having acquired jurisdiction on proof of proper notice given and presentation of a proper petition, and afterward all its proceedings having been irregular or void, the circuit court, on appeal, is not bound or hindered thereby in the least. Sec. 10440, R. S. 1909; Bennett v. Hall, 184 Mo. 415; Wilhite v. Wolf, 179 Mo. 479; Crenshaw v. Snyder, 117 Mo. 178.

GRAVES, J.—This is a road case, originating in the county court of Clark county, Missouri. The case was tried *de novo* in the circuit court of Clark county and from a judgment there an appeal was taken to the St. Louis Court of Appeals, which court transferred it to this court, for the reason that title to real estate is involved. Counsel do not differ materially in their statements of the case, and we adopt that of the appellants, because it is just a trifle more concise. Where counsel differ will be pointed out, if necessary. Appellants thus state the case:

"On the 7th day of November, 1910, it being the first Monday in said month of November, 1910, and the first day of the regular term of the county court of Clark county, Missouri, the respondents filed in said court a petition asking the said court to establish a public road as described in said petition in Jackson township in the said county. The petition was signed by more than twelve qualified freeholders of said township, three of whom resided in the immediate neighborhood of said road.

"On the same day the appellants filed a remonstrance signed by more then twelve qualified remonstrators residing in the said municipal township, three of whom resided in the immediate neighborhood of said road. The respondents on the same day filed in said court a copy of the notice of the filing of said petition for said public road which notice was dated the 17th day of October, 1910, and the return and the evidence shows that it was posted up on the said 17th day of October, while the moon was shining, after night of said 17th day of October, 1910, at three public places in said Jackson township, one of which was at the beginning and one at the termination of said proposed road. Upon the hearing of the issues made by said petition and remonstrance the county court found for the petitioners and found the road of sufficient public utility and necessary to authorize the opening of said

road. Said court also found that appellants, John B. Cameron and Marie Cameron, were the only persons who owned lands over which said proposed road would pass and allowed said John B. Cameron and Marie Cameron the sum of one hundred dollars, as and for damages done said lands on account of the opening and establishing said road. Said court at the time made an order ordering the county highway engineer to survey, mark out such road on the lines as stated in the petition, take the relinquishment of the right of way from all persons who would give the same and report those persons who would not give the right of way and the damage claimed by any party through whose lands said road would run and to make his report to said court at the next regular term of said court.

"At the next regular term of said court, it being held on the 1st Monday in February, 1911, said highway engineer made his report in writing, showing the beginning, courses, distances and ending of said proposed road together with the names of persons through whose lands said road would run, the names of persons whose lands would be affected by said road, the names of persons who refused to relinquish the right of way for said road and also showing that the said John B. Cameron and Marie Cameron were the only persons owning lands through which said road will pass, which report was in all things approved at the same term of court. Upon the report of said highway engineer being approved the court made an order appointing three commissioners to assess the damages done persons whose lands would be affected by the opening of said road and through whose lands said road would pass, which commissioners were duly qualified and entered upon the discharge of their duties and assessed the damages, done the said John B. Cameron and Marie Cameron jointly at the sum of one hundred and fifty dollars on account of the lands taken

and damaged by the opening of said proposed road, and, as ordered, made their report at the next regular term of said county court.

"On the 1st Monday in May, 1911, it being the first day of the regular term of said court, said commissioners made their report in writing to the said court as ordered by the court and as stated, and reported to the said court the amount of damages assessed to the said John B. Cameron and Marie Cameron jointly, the said sum of one hundred and fifty dollars, as damages assessed by them in favor of said John B. Cameron and Marie Cameron jointly on account of the opening of said road.

"At the same term of court the appellants, John B. Cameron and Marie Cameron, filed their objections and exceptions to the report of said commissioners. Whereupon come a jury and after hearing the evidence and being advised, find that the said John B. Cameron and Marie Cameron jointly are damaged in the sum of one hundred and fifty dollars. Judgment opening the road and judgment in favor of John B. Cameron and Marie Cameron jointly for said sum of one hundred and fifty dollars as and for damages done them as aforesaid.

"Whereupon the said appellants, John B. Cameron and Marie Cameron, appealed from the judgment of the county court opening said road and from the judgment of said court in the assessment of damages done them on account of the opening and locating said road to the circuit court of Clark county, Missouri.

"Which appeal was perfected and said cause was for hearing at the October term, 1911, of the circuit court of Clark county, Missouri.

"At the said October term of said court in the trial of this cause the appellants, John B. Cameron and Marie Cameron, filed a motion to dismiss this cause for the reason the court had no jurisdiction of the same, for the reason the notice of these proceedings

were not posted not less than twenty days before the first day of the term of the county court to which said petition was presented, to-wit, November 8, 1910.

"Which motion the court overruled, to which ruling the appellants at the time excepted.

"Whereupon the issue presented to the court as to the utility and necessity of said public road being presented to the court. The court found for the petitioners, that the road was of public necessity and utility and rendered judgment thereon ordering the opening of said road.

"Whereupon, the issue coming on to be heard upon the issue as to the amount of damages done appellants, John B. Cameron and Marie Cameron, being submitted to a jury of the county, who found that the damages sustained by said John B. Cameron and Marie Cameron on account of the opening and establishing said road over and upon their lands was the sum of fifty dollars. Whereupon the court rendered judgment for the said sum of fifty dollars damages in favor of said John B. Cameron and Marie Cameron and ordered the same paid them if said road should be opened.

"Appellants filed their motion for a new trial both in the judgment of the court finding the road of public necessity and public utility and also the judgment for damages, which motions were by the court overruled, appellants at the time excepting. Whereupon appellants John B. Cameron and Marie Cameron filed their affidavit for an appeal and asked an appeal in the St. Louis Court of Appeals which was granted and appellants filed their bill of exceptions within the time allowed by the court and the same is now pending in this court."

I. Appellants contend that their motion (filed in the circuit court) to dismiss the cause, "because the notices of the application for this road herein were posted on the night of the 17th day of October, and

after it was so dark it could not be seen and read'' and ''because the notices of the establishment of the road herein were not posted twenty days before the first day of the term of court at which the petition herein was presented'' should have been sustained. Respondents say that this matter is not before us for the reason that appellants saved no exceptions to the action of the court thereon, and cite us to page 27 of the abstract of record. Respondents are in error. The point is properly here. The motion appears on page 27, and following the motion is evidence which was taken thereon, and on page 37 of the record and at the close of evidence on the motion we have a motion to the same effect, but slightly different in verbiage, and have a ruling of the court, and an exception. There is no ruling of the court on page 27 and of course no exception. There is, however, a ruling of the court and an exception on page 37, and the ruling and exception goes to the vital question as to whether the county court ever had jurisdiction. Appellants say not, because the notices were not posted in time. We think the point is here and shall proceed on that theory.

II.  No question is made as to the sufficiency of the notice as to its form, nor to the notices having been posted in the proper places. The time of the notice is the sole question. The notices were posted late in the day on October 17, 1910. The first day of the next term of the county court was Monday, November 7th. The statute, Revised Statutes 1909, section 10436, provides for the notice of an intended application for a public road, and we must be governed by that statute on the question. The statute reads:

**Notice: Computing Time.**

''Notice of such intended application shall be given by printed or written handbills, put up in three or more public places in such municipal township or townships, one of which shall be put up at the proposed

beginning and one at the proposed termination of said road, at least twenty days before the first day of a regular term of the county court at which the petition is presented, and which notice shall apply to and be binding on all persons and corporations whatsoever owning or claiming any interest in or title to the lands, or any part thereof, over which such proposed road or change or relocation of road runs.''

If these notices had not been posted ''at least twenty days before the first day of a regular term of the county court at which the petition is presented'' then the county court had no jurisdiction in the matter, and as the jurisdiction of the circuit court in such cases is purely derivative, it likewise had no jurisdiction. If, however, the notices were posted for the required time, then both courts had jurisdiction. Our statute for construing statutes, Revised Statutes 1909, section 8057, among other things, says:

''Fourth, the time within which an act is to be done shall be computed by excluding the first day and including the last; if the last day be Sunday it shall be excluded.''

Under this rule, we should not count October 17th, because it was the day upon which the notices were posted. We must know that October has thirty-one days. Excluding the 17th of October, we would have left fourteen live days in October, and the petition was, under the notices, to be presented on November 7th which gives seven more days or in all twenty-one days. This of course on the theory that we count Monday the first day of the term as a day. If we do not count Monday as a part of the term of notice, then we still have twenty days' notice, if under the statute we can count Sunday. And here, as we gather it, is the pith to appellant's point. They say that the full twenty days' notice must be given before the first day of court, and that if the last of the twenty days falls upon Sunday, and this Sunday is the day just preced-

ing the first day of court, then Sunday cannot be counted. On their theory there would be but nineteen days' notice. Are they correct? We think not. The notice required by section 10436, supra, is one to apprise all parties interested, that on a given day a certain act will be done, i. e., that the parties giving the notice will present to the county court a petition praying for a public road. The filing and presentation of this petition is the act to be done of which the notice is to be given. The notice posted in this case said:

"That on the 7th day of November, A. D. 1910, at the regular November term in open session thereof and at the courthouse, we will present to the Honorable County Court of Clark County, Missouri, our duly signed petition for a public road."

The date fixed was the first day of the November term. We think that under this statute of construction, the last day was Monday, November 7th, and not Sunday, November 6th, and for that reason that part of the statute referring to the exclusion of Sunday when it chances to be the last day upon which the act is to be done, has no application to the facts of this case. It is only when the act is to be done on Sunday, that Sunday is excluded in the computation of time under the statute. The act to be done here was the presentation of the petition. This was to be done on Monday and not on Sunday. Monday was, therefore, the last day, and not Sunday. The exact question, under a statute very similar to ours, has been determined by the Iowa court in Conklin v. City of Marshalltown, 66 Iowa, l. c. 123, where the court says:

"The petition in the case was filed on the twenty-ninth day of November, 1884, and the next term of the court commenced on the tenth day of December. The defendant appeared at the next term and moved to discontinue the action because the petition was not filed ten days before the term. Section 2600 of the

254 Mo. 23

Code provides that 'if the petition is not filed by the date thus fixed [in the notice] and ten days before the term, the action will be deemed discontinued.' Section 45, sub. 23, of the Code is as follows: 'In computing time, the first day shall be excluded and the last included, unless the last falls on Sunday, in which case the time prescribed shall be extended so as to include the whole of the following Monday.' By excluding the twenty-ninth day of November, the ninth day of December would be the tenth day, which was Sunday. But the statute requiring that the last day, if it falls on Sunday, shall be excluded, applies only where some act is to be done on the last day. This precise question was determined in Robinson v. Foster, 12 Iowa, 186, under the statute then in force, and which was substantially the same as sub. 23, sec. 45, of the Code. The motion to discontinue was properly overruled."

In Merritt v. Gate City Bank, 100 Ga. l. c. 148, SIMMONS, C. J., thus discusses the exact question:

"This was an action in the city court of Atlanta, filed June 12, 1894, and made returnable to the July term, 1894, which began on Monday, July 2. The act of November 30, 1892, establishing new terms for that court, provides that 'all cases brought in said court shall be returnable to and triable at the term next ensuing after twenty days have elapsed from the filing, . . . the purpose of this act being to require a case to be filed twenty days before the term to which it is returnable.' [Acts 1892, p. 220.] A plea to the jurisdiction, on the ground that the suit was not filed twenty days before the term to which it was returnable, was stricken by the court, on demurrer, and to this the defendant excepted. The court was right in striking this plea. Counsel for the plaintiff in error relied upon that section of the code which provides that 'when a number of days is prescribed for the exercise of any privilege or the discharge of any duty, only the first or last day shall be counted; and if the last day shall

fall on the Sabbath, another day shall be allowed in the computation.' [Code, sec. 4, par. 8.] Here, however, there was nothing to be done on the last day; and it therefore made no difference that it fell on the Sabbath. The provision as to the time of filing suits in the city court of Atlanta is similar to that which regulates the time of filing in the superior court, the law requiring that actions in the latter court shall be filed at least twenty days before the term to which they are returnable (Civil Code, sec. 4984); and the regular terms of the superior court begin, as do those of the city court of Atlanta, on Monday. For nearly a century the law with reference to the superior court has been the same in this respect as it is now; yet as far back as our knowledge extends, it has been the practice in that court to treat Tuesday, twenty days before the term, as the last return day for the term, thus including Sunday as the last of the twenty days. The uniform practice of the courts in this respect for so long a period, if not controlling in the construction of the law, is at least entitled to great weight; and we are not disposed at this late day to question its legality, especially since a holding that the practice is wrong would result in widespread and incalculable harm.''

In Womack v. McAhren et ux., 9 Ind. l. c. 7, it is said:

"The facts appear to be that the process was served on Friday, the 22d day of June, 1855. Court commenced on Monday, the second day of July, 1895. The question is, was this service in time?

"We think it was. The statute provides that every action shall stand for issues and trial at the first term after it has been commenced, when the summons has been served ten days before the first day of the term. [2 R. S., p. 107.] It is further enacted that the time within which an act is to be done as herein provided, shall be computed by excluding the first day and in-

cluding the last. If the last be Sunday, it shall be excluded. [2 R. S., p. 205.]

"We have the light of the adjudications on an analogous statute, to guide us in the construction of the act of 1852. In the revision of 1843, it is enacted that 'whenever the writ shall have been served and the declaration filed ten days before the first day of the term,' the suit shall stand for trial. [R. S. 1843, p. 705.] In the new statute, the provision is, that the cause shall stand for trial when the summons has been served ten days before the first day of the term. [2 R. S. 107.] The phraseology as to the point before us is identical. Both require the service to be made ten days before the first day of the term. This was substantially the statutory provision through all the revisions of 1831, 1838, and 1843. Under these several statutes it was invariably held that a service on the Friday week before court, was sufficient.

"Nor does the statutory rule of excluding the first day and including the last, make any difference. That was the law long before the statute was enacted. Indeed, the statute was but enacting the decision of the Supreme Court. Thus, that the day of the service was to be excluded, was expressly decided in Krohn v. Templin, 2 Ind. 146; Hathaway v. Hathaway, 2 Ind. 513; Swift v. Tousey, 5 Ind. 196—overruling the earlier decisions in 1 Blackf. 392; 4 Blackf. 329; 5 Blackf. 319. But even before the adoption of the new rule of computation, as announced in 2 Ind., supra, a service on Friday to appear the Monday week following, was always considered a good ten days' service.

"We cannot see that it alters the case where the ten days' service, and the rule of computing time are both made statutory. We think the service sufficient. Friday, the day of the service, is excluded. Monday, the day of the appearance or act done, is to be included.

Sunday, not being the last day, is also included, as well as the prior Sunday in computing the ten days. It is only when the act is to be done on Sunday that that day is to be excluded. [2 R. S., p. 205, supra.]''

This rule of the Indiana court was approved by this court in the early case of Bank v. Williams, 46 Mo. l. c. 20, whereat we said:

''Defendant's counsel cite Womack v. McAhren, 9 Ind. 6, where the court held that service of process required to be made ten days before court was a good service, although the intervening Sundays were counted in making up the time; and they might have cited our universal practice in that respect, for it is never claimed that, under our statute, a service of fifteen days before term, excluding Sundays, is necessary in order to bring a party into court.''

The posting of notices in the case at bar is but the service of process. It is the method of bringing the parties into court. The trouble with counsel for appellants in this case is that they proceed upon a theory that some act was to be done on Sunday, when in fact and in law no act was to be done on Sunday. The act was to be done on Monday, and intervening Sundays, that is, Sundays which fall on neither the first nor last days, are to be included in the computation. Other cases might be cited which will be found in the reporter's headnotes to this opinion, as he will take them from the briefs, but these sufficiently illustrate the rule. The notice was posted a sufficient length of time to give the county court jurisdiction, and through the appeal the circuit court acquired jurisdiction.

III. It is urged that the record of the county court fails to show that the commissioners of that court, appointed to view the premises, and make report, were sworn. It is true that this fact is not spread upon

the record of the county court, but as a part of that
proceeding there is on file the report of
these commissioners, and it shows that
they were sworn.  Appellants contend
that this is insufficient, and cite us to
In re Bledsoe Hill, 200 Mo. 630.  That case dealt with
a different line of statutes entirely.   The question
here involved under the statutes here involved, has
long since been put to rest.  It is not a question for
consideration here at all.  It was not material in the
trial *de novo* in the circuit court. [R. S. 1909, sec.
10440.]  If the county court had jurisdiction, then the
appeal gave the circuit court jurisdiction to try the
case anew, and things done (erroneously it may be) by
the county court after it acquired jurisdiction, do not
concern the circuit court, nor this court upon an appeal
from the judgment of the circuit court.  The statute,
supra, expressly provides that in the trial *de novo* in
the circuit court, there shall be no commissioners.  In
the county court the commissioners only view the prop-
erty and assess damages and benefits, and even then
upon exceptions being taken the party is entitled to a
jury, which was had in this case in the county court.
In the circuit court the trial is at once before a jury,
in so far as the damages are concerned.  The conten-
tion is so admirably answered by VALLIANT, J., in Ben-
nett v. Hall, 184 Mo. l. c. 414 et seq., that at the expense
of length to this opinion we quote his lucid exposi-
tion of the law, rather than attempt to state it in our
own way.

"The dominant idea that seems to pervade the
brief of the learned counsel for the respondent and to
have prevailed in the circuit court is that the record
of the county court must show affirmatively a condi-
tion, or a finding, or the existence of a fact as a prece-
dent authority for each step taken or order made, and
that unless that record so shows, the whole proceeding

*Commissioners
Not Sworn:
Appeal.*

is invalid beyond the power of the circuit court to remedy. We do not give our approval to that doctrine.

"Original jurisdiction in proceedings to open and establish public roads is vested in the county court and from its judgment an appeal lies to the circuit court where the cause is to be tried anew.

"The county court has jurisdiction of the subject in general, and when a proper petition is filed and the notice required by the statute is given, the court has jurisdiction of that cause in particular, and thereafter, in its conduct of the case, it may commit error or proceed irregularly, but such error or irregularity will not render the whole proceeding void so as to vitiate even the proceedings on appeal in the circuit court. If the county court had no jurisdiction of the case in the beginning, the circuit court could acquire none by appeal, just as in case of an appeal from a judgment of a justice of the peace, but if the county court had jurisdiction in the beginning and went wrong in its proceedings, the circuit court is no more bound by the errors or irregularities of the county court nor hindered thereby in its jurisdiction than it would be by those of a justice of the peace—the very object of an appeal to the circuit court is to correct the errors or irregularities of the inferior tribunal.

"It is said that the record of the county court in a case of this kind must show every fact essential to its jurisdiction and every fact essential to the judgment finally rendered, including the facts to be found by the court from the evidence adduced. But that is so only when the validity of the judgment itself is assailed collaterally. For example, if the final judgment of the county court is that the road be established, and if no appeal is taken therefrom, and if in accordance with that judgment it is attempted to lay out and open the road to the public and resistance is offered by the landowner, it devolves on the officer invading the private property to show by the record of the county court

itself that that court had not only jurisdiction to begin the trial of the case, but also that in all the essential steps the court proceeded according to the statute. And the same is true of the record of the circuit court in this kind of case, which is statutory in its creation and in derogation of the common law. That is so only when the judgment itself is relied on as the warrant of authority on the one side for opening the road and its validity denied on the other. In such case the record must speak for itself and demonstrate its own validity. But on an appeal from the county court to the circuit court, the jurisdiction of the latter to try and determine the cause depends on the jurisdiction of the county court in the first instance and not on the regularity of its proceedings thereafter to final judgment.

"A petition by freeholders as prescribed by the statute and a posting of the notice as in the statute prescribed, are essential to the jurisdiction of the county court. If the petition is in the form prescribed by the statute it confers on the county court the jurisdiction to hear evidence, to prove that the petitioners are what they claim to be, freeholders of the township or townships, that at least three of them reside in the immediate vicinity and that the notice prescribed by the statute had been given. The court must be satisfied of these facts before it can proceed to establish the road, and the court's finding of these facts must appear on its record in order to sustain the validity of its final judgment. But on appeal the circuit court is not bound by the finding of the county court on those questions; it tries the case anew, hears the evidence and reaches its own conclusions. For instance, suppose a petition is presented to the county court by twelve or more men who in truth are freeholders of the township or townships and at least three of them live in the immediate vicinity; and suppose they posted the notices as required by law and at the trial in the county court introduced evidence tending to prove those facts,

but there was evidence to the contrary, and the county court found that they were not such freeholders and that the notice had not been given and thereupon caused those findings to be entered on the record, and rendered judgment dismissing the proceedings. Now, when the petitioners appeal to the circuit court and offer their evidence on those points, is the court bound to dismiss the suit because the record of the county court does not find that the petitioners were such freeholders and that they had given the notice? What is the meaning of a trial *de novo* if the circuit court's jurisdiction depends on the findings of the county court on questions of fact and on the spreading of those findings on the face of its record?

"What is here said of the supposed necessity of the appearing of the finding of those facts on the face of the county court's record applies equally to the recital of the finding of all other essential facts which depend on the evidence; for instance, that the county court found that the proposed road was of sufficient public utility to justify its establishment at the expense of the county. All facts essential to the lawful taking of private property for a public road, which depend for their finding on evidence, are facts for the finding of the circuit court on evidence adduced before it, and it has nothing to do with the finding of the county court, or with what the county court record shows or fails to show on those points.

"This court is not now reviewing the proceedings of the county court; for the purposes of this case it is immaterial what the record of the county. court shows, except on the one point of initial jurisdiction, and that there was a final judgment and an appeal. We are now reviewing the proceedings of the circuit court, and we are concerned only with what its record shows as to its own findings as to jurisdictional facts. The learned circuit judge was of the opinion that the final judgment of the county court establishing the

road was void, because the county court record did not show a finding by the court of the jurisdictional facts above mentioned which were to be found from the evidence, and therefore there was no judgment to appeal from, and the circuit court had no jurisdiction, and the proceeding should be dismissed. But in that respect the learned judge was in error; he had nothing to do with the findings of the county court or its final judgment; those were put aside when the appeal was taken, and the circuit court was free to make its own record.

"The final judgment in the case before us is the judgment of the circuit court, and the record by which the validity of that judgment is to be tested is the record of the circuit court; the record of the county court, except to show initial jurisdiction and that there was a final judgment and an appeal, has nothing to do with it."

The same thought is stated at length by ROBINSON, J., in Wilhite v. Wolf, 179 Mo. l. c. 479. The question urged is, therefore, not a question before us now. We have to review the acts of the circuit court, and that court alone. This of course includes the act of the circuit court in assuming jurisdiction, which we have disposed of in the previous point.

IV. Another point urged is thus stated:

"Again, the court had no jurisdiction for the reason the report of the commissioners shows on its face that the commissioner did not assess the damages and benefits to each particular tract of land affected by the opening and establishing said road, but did, in their report therein, report the damages and benefits to ten acres of said lands, when the proofs shows that said ten acres was the south side of fifty-five acres laying along said proposed road, in these words."'

**Erroneous Assessments.**

We will not discuss this point. This at most is but alleged erroneous action of the county court, and in no sense jurisdictional. What we have just said in paragraph three above covers this point. It is, therefore, likewise ruled against the appellants.

V. There is some point made upon an instruction given by the circuit court, but we do not deem it well taken, and this is the only error urged against the circuit court record. The force of appellant's brief is directed toward the question of jurisdiction (a question properly in the case, but decided against them in our paragraph two) and the other questions upon the status of the county court proceedings, which are not in the case here at all. The circuit court judgment should be affirmed and it is so ordered. All concur.