STATE OF MISSOURI at the Relation of ALMA ALLISON, ANNIE F. FLOURNOY, Executrix, ANNIE F. FLOURNOY, in Her Own Person, and JOHN P. FLOURNOY, Relators, v. LYNN G. BUFORD, Clerk of the Circuit Court of Jackson County.—88 S. W. (2d) 349.

Court en Banc, November 20, 1935.

*John P. Flournoy, Barnett & Coolidge* and *Smart & Strother* for relators.

*Goodwin Creason* for respondent.

LEEDY, J.—Original proceeding in mandamus to compel the issuance of an execution upon a judgment. The case is here on respondent's return to our alternative writ, and relators' motion for judgment on the pleadings. There is no dispute as to the facts, and in briefest outline necessary to an understanding of the issues, they may be stated in this way: Relators were defendants in a certain cause pending in the Circuit Court of Jackson County, Missouri. On July 22, 1933, at and during the May, 1933, term, they recovered a judgment against the plaintiff in said cause, one Martha A. Jones. It was a judgment for costs in favor of all the relators herein, and for the amount of a certain note secured by deed of trust in favor of relator Alma Allison. It provided that if said note be not paid on or before September 30, 1933, then the deed of trust securing the same should be foreclosed, and the real estate described therein sold by the sheriff. The judgment debtor appealed. The appeal was allowed on the last day of the May Term, namely, Saturday, September 9, 1933, at which time the court fixed the amount of the appeal bond at the sum of Five Thousand Dollars ($5,000.00). A further order was entered giving appellant leave to file said bond "on or before ten days after the first day of the September Term, 1933." The September Term convened the following Monday, September 11, and thereafter, to-wit, on Wednesday, September 20, appellant filed her appeal bond, and the court approved the same. After September 30, relators made demand on respondent to issue execution on said judgment, which he refused to do.

Relators first assail the order giving leave to Martha A. Jones to file an appeal bond "ten days after the first day of the September Term, 1933," as being contrary to the express provisions of the statute, and, therefore, void. The statute, insofar as applicable, reads as follows: "Upon the appeal being made, the court from which an appeal is prayed, shall make an order allowing the appeal, *and such allowance thereof shall stay the execution in the following cases, and no others;* First, (not applicable here); second, when the appellant, or some responsible person for him, together with two sufficient securities, to be approved by the court, shall, during the term at which the judgment appealed from was rendered, enter into a recognizance to the adverse party in a penalty, . . . conditioned: . . . *Provided, however,* that the court may, at the time of granting an appeal, by order of record, fix the amount of the appeal bond *and allow appellant time in vacation, not exceeding ten days*, to file same, subject to the approval of the clerk, and such appeal bond, approved by the clerk *and filed within the time specified in such order*, shall have the effect to stay execution thereafter, and if any execution shall have been taken prior to the filing of said bond, the same shall be released." (Italics ours.) We think it plain that the order, as entered, was not authorized because exceeding the time limitation fixed by the proviso contained in the statute. How-

ever, for the purposes of this case, we have concluded that the order may be treated as valid to the extent that it allowed "appellant time in vacation not exceeding ten days" in which to file such bond.

But relator says the bond filed did not operate as a *supersedeas* for two further reasons: First, because not timely filed; and, second, because not conditioned as provided by statute. The timeliness of the filing of the bond turns on the question as to whether, in computing the time allowed for the filing thereof, under Section 1022, supra, intervening Sundays are to be excluded or included. Relators contend the time, "not exceeding ten days in vacation," expired Tuesday, September 19, and that the circuit court had no authority or jurisdiction to permit the filing of the same, or to approve it when filed (a day late), and its action in attempting so to do is *coram non judice* and void. They invoke the statutory method of computation provided by the fourth subdivision of Section 655, Revised Statutes 1929 (Sec. 655, Mo. Stat. Ann., p. 4899), "the time within which an act is to be done shall be computed by excluding the first day and including the last; if the last day be Sunday, it shall be excluded." Respondent's position is that said appellant had until on or before Thursday, September 21, in which to file her bond, because "as to matters to be transacted in court, Sunday is *non dies*, and should not be counted." He relies upon and cites that line of cases where, in computing the time for filing a motion for a new trial, the statute was held to exclude Sundays. [National Bank v. Williams, 46 Mo. 17; Cattell v. Dispatch Pub. Co., 88 Mo. 356; State v. Harris, 121 Mo. 445-447, 26 S. W. 558; Maloney v. Mo. Pac. Ry. Co., 122 Mo. 106, 26 S. W. 702; Long v. Hawkins, 178 Mo. 103, 77 S. W. 77; Ewart v. Peniston, 233 Mo. 695, 136 S. W. 422; Queen City Inv. Co. v. Kreider, 31 S. W. (2d) 1002.]

The authority for filing appeal bonds after the judgment term came into our statutory law by an act of the 1885 Legislature amending the Practice Act of 1879, by adding the following proviso: "Provided, however, that the court may, at the time of granting an appeal by order of record, fix the amount of the appeal bond and allow appellant time in vacation, not exceeding ten days, to file same, subject to the approval of the clerk, and such appeal bond, approved by the clerk and filed within the time specified in such order, shall have the effect to stay execution thereafter, and if any execution shall have been taken prior to the filing of said bond, the same shall be released." [Laws 1885, p. 214.] It will be observed that this proviso is now a part of Section 1022, supra. Prior to its enactment it had been held that an appeal bond filed after the judgment term did not operate as a *supersedeas*. [Long v. Dismer, 72 Mo. 655; Julian v. Rogers, 87 Mo. 229.]

By liberally construing the proviso, instead of enforcing the letter thereof, the St. Louis Court of Appeals in State ex rel. v. Graves, 147 Mo. App. 324, 126 S. W. 749, held that notwithstanding

a new term of court ensued on Monday following the Saturday on which the court had granted appellant time *in vacation* to file an appeal bond, the appellant was nevertheless entitled to have the bond filed and approved within ten days after the judgment term, whether in vacation or a new term. It was there said: "Not thinking of the chance of one regular term running up to the beginning of another, the words of the proviso related only to a vacation between regular terms, and during this interval the clerk was empowered to perform an act which otherwise and usually pertains to the court. But the clear intention was to get rid of the previous situation in which the bond had to be approved during the term at which the judgment was rendered and the appeal granted. Hence we think it is fairly to be implied from the amendment that if the ten days which may be allowed after said term will carry over into the next regular term, it becomes the power and duty of the court during the latter term and within said ten days, to take and approve appeal bonds."

Later, in 1915, the same Court of Appeals, had before it the same proviso, and was confronted with a situation where an order was made allowing defendants ten days "after the close of the April Term" to file an appeal bond. It was conceded that said term ended on June 4. The court held: "Consequently the 10 days allowed by this order expired June 14, 1915; whereas the bond was not filed until June 15, 1915. It follows that the appeal bond was not filed in compliance with the statute (Sec. 2042, R. S. 1909), and hence did not operate as a *supersedeas*." [American Surety Co. v. Steffen (Mo. App.), 214 S. W. 806.] Respondent contends we should not follow this case because it does not appear that the court's attention was called to the rule which is here invoked, and because it is contrary to our own holdings. The cases relied on by respondent have been cited above, and, as indicated, they deal with the section relating to motions for new trial. We have been cited to no case, and have been unable to find any holding contrary to the American Surety Company case. We think it was properly ruled, and for reasons presently to be noticed.

The 1885 Legislature, as a part of the same act to which reference has been made above [Laws 1885, p. 214], by an amendment to another section of the Practice Act, provided for the filing of bills of exceptions in vacation, and thus marked a departure, as in the case of appeal bonds, from the practice theretofore existing. The provisions of the two sections are analogous. The necessary effect of the holdings of this court in applying the bill of exceptions statute has been to include Sundays in the computation, except where it was the last day. [State v. Harris, supra; Fulkerson v. Murdock, 123 Mo. 292, 27 S. W. 555; State v. Simmons, 124 Mo. 443, 27 S. W. 1108; Graham v. Deguire, 154 Mo. 88, 55 S. W. 151.] And such is the general rule of computing statutory time, in the absence of an

express provision to the contrary. [Clapton v. Taylor, 49 Mo. App. 117; St. Joseph ex rel. v. Landis, 54 Mo. App. 315; Stutz v. Cameron, 254 Mo. 340, 162 S. W. 221.] And so, in computing the time limited for perfecting appeals from justices' courts, Sundays are included; and the principle of *dies non* does not apply. [Patchin v. Bonsack, 52 Mo. 431; Lieberman v. Findley, 84 Mo. App. 385. See, also, Spring v. Giefing, 315 Mo. 525, 289 S. W. 825.] And when it is considered that the Legislature had in mind, and expressly provided for the filing of an appeal bond *in vacation,* we think, in this respect, there is an analogy to be drawn between the practice in such cases and that applying to appeals from justices' courts.

It was first held, under the new trial statute, that the four days were intended to mean judicial days, and so the *dies non juridicus* principle was applied. [Bank v. Williams.] This doctrine was followed in Cattell v. Dispatch Pub. Co., supra, and in State v. Harris, supra, wherein it was said: "While our statute is mandatory in requiring the motion to be filed in four days (citing case), *yet it has been ruled to mean four judicial days."* [Citing Bank v. Williams, supra, and Cattell v. Dispatch Pub. Co., supra.] But when confronted with a situation where there was an adjournment, not in course, but to a later date in the same term, it was held that the statute did not mean "the four first days that the court is in session after the trial," but that four working days were meant. [Maloney v. Ry. Co., supra.] Judge SHERWOOD in Patchin v. Bonsack, supra, pointed out that in the new trial section the Legislature had only in contemplation the regulation of matters *which of necessity must take place on a court day,* and, therefore, did not intend that Sunday should be included in the computation. The view that the motion for new trial was required to be filed in open court seems to have prevailed, in some quarters, at least, as late as the case of State v. Railroad, 239 Mo. 196, 143 S. W. 785, where in a concurring opinion by WOODSON, J., it was said "In that case the motion (for new trial) *must be filed in open court,* as court cannot be in session on Sunday; consequently, under such a statute, Sunday must be excluded by necessary implication, but in all other cases not specially excluded by statute, Sundays are included." Indeed, respondent cites the above case as authority for the position taken in his brief that "under our present procedure, in the Circuit Courts, the motion must be filed in open court." The concurring opinion just mentioned did not receive a carrying vote, and is contrary to the view prevailing then and now. The present rule respecting motions for new trial was announced in Long v. Hawkins, supra, in an opinion by MARSHALL, J., where, without citing or discussing the earlier cases, it was held that what the statute meant was "four days . . . (Sunday excepted) are calendar days and not days on which the

court is in session or 'court days' as they are commonly called." And this has since been and is now the rule. [Ewart v. Peniston, supra; Queen City Inv. Co. v. Kreider, supra.]

Respondent stresses a statement found in the case of State ex rel. v. Graves, supra, to the effect that where the term of court ends on a Saturday and the next term begins the following Monday there is no vacation of court. What was meant was that there was no vacation within the meaning of the statute authorizing the clerk to approve the bond. The question there did not involve computation of time. Under the facts of that case it was held to be the duty of the court, and not of the clerk, to approve the bond, and that neither would be authorized to do so on Sunday.

It is clear that the principle of *dies non juridicus* was applied on the theory that the motion for new trial statute meant *four judicial* days, and that such motion was required to be filed in *open court.* Neither of these theories are any longer current, and form no part of the basis of our rule as now applied to motions for new trial. For these reasons the cases relied on by respondent are not even persuasive on the proposition here involved. Besides, the practice of the courts and the bar generally has been to include Sundays in computing time under this and similar statutes. We think the rule should not be further extended, and made applicable to the statute here involved.

Having reached the conclusion that the appeal bond was not filed in compliance with the statute, it becomes unnecessary to notice its provisions with a view of determining whether it was conditioned as provided by statute. Our alternative writ should be made peremptory. It is so ordered. All concur.