October 11.

---

REMINGTON and others vs. WILLARD and another, impleaded &c.

On an appeal from a judgment, this court cannot review a subsequent order of the court below, overruling a motion to vacate the judgment; and the "case" upon which the motion was made, does not, under such circumstances, form any part of the record before this court.

June Term,
1862.

Remington et
al.
v.
Willard et al.

A bill for the foreclosure of a mortgage, filed before the Code, alleged that W. claimed some interest in the mortgaged premises as a subsequent purchaser or incumbrancer. The answer of W., filed after the Code took effect, alleged that he held a mortgage of the premises, made (but not recorded) prior to that of the plaintiff, and also alleged upon information and belief, that the plaintiff, at the time he took his mortgage, had notice of the existence of W.'s mortgage. There was no replication. *Held*, that said allegations of the answer were not evidence for the defendant under the old chancery rule (if that rule applied to the answer in this case), because they were not responsive to the bill, and because they were not positive in form.

If the statements of the answer were entitled to weight as evidence, this court must presume, in support of the judgment of the court below (there being no bill of exceptions), that there was other evidence before the court sufficient to overcome the answer.

Where the court, in an equity cause, found in general terms "the facts stated in the complaint," and no exception was taken to the finding on the trial : *Held*, that the finding was sufficient to support a judgment for the plaintiff.

Where a married woman was named as a defendant in a complaint for foreclosure, in order to bar her right of dower, and it appeared by the return of the sheriff, and in one of the answers, that she had died before service of process, it was not necessary to suggest her death or to farther mention her in the proceedings.

A mortgage executed before the adoption of the Code, stipulated for the payment of $75 for attorney's fee, &c., in case of a foreclosure. *Held*, that the circuit court had power to allow in lieu thereof (under section 219 of the Code), five per cent. on the amount found due, being a greater sum than $75.

APPEAL from the Circuit Court for *Jefferson* County.

Action to foreclose a mortgage of real estate executed by the defendant *Brown*, June 10th, 1856, to secure a certain note. The mortgage was of *an undivided half* of a certain tract of land, and was recorded on the day of its execution. The action was commenced September 1, 1856, and the bill alleges that *Willard* and various other persons "have or claim some interest in the mortgaged premises, as subsequent purchasers or incumbrancers or otherwise." *Willard* answered under oath, admitting that he claimed an interest as mortgagee in a part of the premises described in the complaint ; denying that his mortgage was subsequent or subject to that of the plaintiffs ; and alleging that his mortgage was executed, acknowledged and delivered April 7th, 1856, by said *Brown* and wife, and by said *Clothier* and his then wife (now deceased), and was recorded July 28, 1856 ; and that he is informed and believes, and so states, that the said complainants, at the time of the making and delivery of their mortgage mentioned

in the bill of complaint, had been informed of the fact that the mortgage of this defendant had been executed and was still subsisting and unpaid. There was no replication.

At the September term, 1858, the action was noticed for trial by the plaintiffs; and on the 28th of October, it was referred for a computation of the amount, and the referee reported then due $7864.67. On the next day the action was tried, the defendants not appearing. The decision of the court was as follows: "Upon the trial of this action, defendants did not appear nor offer any proof to sustain the answers on file; and upon the proof offered by plaintiffs, the court finds all the facts set forth in the complaint. And as a conclusion of law, the court finds that the plaintiffs are entitled to the judgment prayed for in their complaint." On the same day judgment was entered for a sale of the whole tract of land described in the mortgage, and foreclosing the equity of redemption of all the defendants in the usual form, with a personal judgment against the defendant *Brown* for any deficiency. The judgment directs the sheriff to pay the plaintiff from the proceeds of the sale, in addition to the amount found due on the mortgage debt and a certain sum adjudged due for costs and charges, "the sum of $393.35, being five per cent. on the amount found due upon the note and mortgage mentioned in the complaint, which is hereby allowed and adjudged to the plaintiff in addition to said costs, pursuant to the statute."

A motion to set the judgment aside was overruled, but as the appeal was taken on the *judgment*, and not from the order overruling the motion, it is deemed unnecessary to state the case which was made on that motion.

*J. E. Holmes*, for appellant.

*D. F. Weymouth*, for respondent.

*By the Court*, COLE, J. The record in this case shows that the appeal is from the judgment of foreclosure rendered October 29th, 1858. It is therefore clear that the subsequent order made by the court on the application to vacate the judgment of foreclosure, is not before us, and cannot be considered. For we have already held that an appeal from

a judgment brings up no order made in the cause subsequent to the judgment, but that if a party wants such an order reviewed, he must appeal directly from it. *Cord vs. Southwell*, ante, p. 211. And that this must be the correct practice would seem to be a very natural and obvious deduction, even in the absence of all decisions upon the question. For it is difficult to understand how any subsequent action of the court could be brought up on an appeal from a judgment, which is only intended to give the history and progress of the cause up to that time. Hence we cannot consider many of the questions which were discussed by the counsel for the appellant, arising upon the subsequent order made on the application to vacate the judgment. And there being no bill of exceptions, it is likewise manifest that we can only examine the record and correct any errors or irregularities which may appear upon its face. If the appeal had been from the order, we might perhaps have looked into the case which was made on the application to set the judgment aside. But this is not now before us.

It is claimed, however, that the judgment is erroneous for several reasons which, it might be argued, appear upon the face of the record itself. It is said that it appears from the pleadings in the cause, that *Willard's* mortgage was a prior unrecorded one, and that the respondent had full notice of its existence when he took the subsequent one which is foreclosed in this action. If this were so, then, as a matter of course, the judgment should have provided for the payment of that mortgage first out of the proceeds of the mortgaged property. But can we fairly presume from the record that this position is sound and sustained by it? It is true that it appears from *Willard's* answer, that he held a prior mortgage which was recorded subsequently to the recording of the mortgage held by the respondent. And he states, upon information and belief, that the latter had full notice of the existence of this unrecorded mortgage at the time the one to him was executed. There was no replication to this answer, and it is insisted that it must have the same effect as evidence, which was given to a sworn answer under the chancery practice, to which no replication was filed. The bill in this

case was filed, and the suit commenced, before the adoption of the Code, but the answer was put in after that enactment took effect. So it might be difficult to sustain the position that the Code did not apply to the answer and determine what effect it should have as a pleading. But assuming that it did not, and that the answer is to have the same weight as testimony, which would be given it under the old chancery practice, still we cannot say that the respondent had notice of *Willard's* mortgage when he took his. It is said that it is alleged in the answer that they had notice, and that this allegation is not overcome by any testimony in the case. But the allegation upon this point is not of that character which entitles it to be taken for truth. The allegation in respect to notice is not responsive to any statement in the bill, and even then is not positively alleged, but only stated upon information and belief. A fact of that kind should be stated upon knowledge, or some particular facts or grounds of belief should be stated, from which it might be fairly assumed that they must have had notice. For certainly the fact whether or not the respondents had notice of the existence of the prior unrecorded mortgage, was one which admitted of some positiveness of assertion or of allegation in a way to entitle it to be received as evidence. So that if we were compelled to decide the case upon the effect of the answer alone, we think we should not be authorized in saying that the respondent was affected with notice of the existence of the prior mortgage.

But there is a further and most conclusive answer to be given this argument. There is no bill of exceptions, and we cannot assume that the judgment of the circuit court is erroneous. On the contrary, we must presume that there was testimony offered on the trial which clearly and conclusively overcame the statements in the answer, and showed that the respondent took his mortgage in good faith, without any notice whatever of the prior mortgage to the appellant. Since the adoption of the Code, a party assailing a judgment must show wherein it is erroneous, and this applies as well to equity as to common law causes. And if no evidence was offered on the trial tending to impeach the allegations in the

answer in respect to notice, it was the duty of the appellant to establish that fact here by a bill of exceptions. In the absence of a bill of exceptions, we cannot assume that the circuit court decided improperly on the proofs in giving the mortgage of the respondents preference over the prior unrecorded mortgage.

It was further objected that there was no sufficient finding of facts by the court to authorize a judgment. The finding, it is true, is in very general terms. The court finds all the facts set forth in the complaint as amended. In an equity cause such a finding has been held sufficient when no exception is taken to it on the trial. *Catlin vs. Henton*, 9 Wis., 476.

It was likewise insisted that the judgment was irregular, because, while the suit was instituted against certain parties named in the bill, the return of the sheriff on the subpoena, and the answer of one of the defendants, disclosed the fact that Mrs. Clothier deceased before the commencement of the suit, and the cause was not revived as to her, nor her death suggested on the record. But this objection is clearly untenable. All the interest which Mrs. Clothier ever had in the premises was an inchoate right of dower, and even this possibility terminated at her death. What necessity was there then of further naming her in the pleadings?

Neither do we think there is any weight in the objection that the court could not allow and incorporate in the judgment, by virtue of section 219 of the Code, any greater sum than seventy five dollars, the amount named in the mortgage. The sum which was stated in the mortgage cannot be considered as a stipulated amount in lieu of what the court might allow under that section. This is very manifest from the fact that when this mortgage was executed, the Code had not been adopted. So we suppose the court might allow any amount not exceeding the limitation named in the section if it saw fit to do so.

We believe this disposes of all the objections which have been taken to the proceedings and which are properly before us, except the one relating to the variance between the complaint and judgment. The bill describes the interest

mortgaged as being an undivided half &c., while the judg- June Term, 1862.
ment orders a sale for the entire premises. This is undoubt-
edly erroneous. But the mistake was evidently a clerical OATMAN
one in copying a description of the mortgaged premises into GOODRICH et al.
the judgment. The court would doubtless have corrected
the error had its attention been called to it. Still it is a tech-
nical error, and must be corrected. But still we do not feel
disposed to give costs on the modification of the judgment.
For it is obvious that the circuit court would have rectified
the mistake had an application been made to it, and saved
the necessity of this appeal for that purpose. Hence we
shall refuse costs to the appellant. But the judgment of
the circuit court must be so modified as to make the descrip-
tion in the judgment, of the property which is directed to
be sold to satisfy the mortgage debt, correspond with the
description in that instrument.