THE STATE v. SIMMONS, *Appellant.*

Division Two, November 5, 1894.

**Criminal Practice:** FILING BILL OF EXCEPTIONS. Where an order granting leave to file a bill of exceptions "on or before sixty days from date" was made on the fourteenth day of December, 1893, such leave expired on February twelfth following, and a bill filed on February thirteenth will be disregarded on appeal.

*Appeal from Newton Circuit Court.*—HON. J. C. LAMSON, Judge.

AFFIRMED.

*H. C. Pepper* with *F. M. Redburn, A. J. Harbison* and *P. H. Sheridon* for appellant.

(1) Upon a trial for murder, threats or declarations of the deceased, that that she intended to commit suicide, are admissible on the part of the defendant, especially when the evidence of the *corpus delicti* is purely circumstantial. *Persons v. State,* 90 Tenn. 291; *Blackburn v. State,* 23 Ohio St. 146; *State v. Crank,* Bail Court R. 66; *Little v. Lebby,* 2 Greene, 242; *Kimball v. Morrell,* 4 Greene, 368; *Gorham v. Canton,* 5 Greene, 266; *State v. Powell,* 2 Halst. 244; *State v. Moxley,* 102 Mo. 374. (2) The testimony of Captain Lacy that defendant refused to give up his shoes to be used as evidence against him, should not have been admitted. It is a fundamental principle of Anglo-

American jurisprudence, embodied in our American constitutions, that a prisoner shall not be compelled to give evidence against himself. *People v. McCoy*, 45 How. Pr. (N. Y.) 216; *Day v. State*, 63 Ga. 667; *Stokes v. State*, 5 Baxt. (Tenn.) 619. (3) Instruction numbered 21 should not have been given. It singles out particular circumstances, which the state attempted to prove, and comments on them, and indirectly tells the jury great weight should be given these circumstances. *State v. Smith*, 53 Mo. 267; *State v. Sivils*, 105 Mo. 530, and cases cited. (4) Instruction numbered 9 requested by defendant, and refused by the court, should have been given. *State v. Harrold*, 38 Mo. 496. (5) Instruction numbered 23 should not have been given. There was evidence explaining the threatened flight, and the avoiding of arrest of defendant. There should have been given an instruction based on this testimony. *State v. Walker*, 98 Mo. 95, and cases cited.

*R. F. Walker*, Attorney General, and *Morton Jourdan*, Assistant Attorney General, for the state.

(1) The time to file the bill of exceptions expired on February 12, 1894. If a bill of exceptions filed one day out of time can be considered, then upon the same theory if filed thirty or sixty days out of time it should be considered. *State v. Clark*, 119 Mo. 426; *State v. Britt*, 117 Mo. 584; *State v. Mosley*, 116 Mo. 546; *State v. Scott*, 109 Mo. 226; *State v. Hill*, 98 Mo. 570; *State v. Broderick*, 70 Mo. 622; *Boardman v. Vaughn*, 44 Mo. App. 549; *McHoney v. Ins. Co.*, 44 Mo. App. 426; *State v. Apperson*, 115 Mo. 470; *State v. Berry*, 103 Mo. 367; *State v. Harben*, 105 Mo. 603.

GANTT, P. J.—The defendant was indicted at the February term, 1893, of the circuit court of McDonald

county, for the murder of Mary Lula Noel in December, 1892. The first count charges that the murder was committed with a blunt instrument; the second, that the defendant choked and strangled the deceased; the third, that the murder was committed in some way and manner by means of instruments and weapons to the grand jurors unknown. This indictment was duly signed, attested, returned into open court and filed, and upon it were indorsed the names of the witnesses for the state.

At the same term the defendant applied for a change of venue, and in his application swore against the counties of McDonald, Barry and Stone, which application was granted, and the venue changed to Newton county. At the May term of the Newton circuit court, the defendant was duly arraigned and entered his plea of not guilty, and the cause set for trial on Friday, May 30, 1893, at which time the defendant was tried, which resulted in a mistrial, and the cause was continued until the November term, 1893. At the November term, 1893, the defendant was again tried, convicted of murder in the second degree, and his punishment assessed at imprisonment in the penitentiary for a term of ten years.

On December 13, 1893 (record, p. 18), defendant filed his motion for new trial, which was, on December 14, 1893, by the court overruled, whereupon on the same day the defendant filed his motion in arrest, which was also by the court overruled, and on the same day, December 14, 1893, the defendant filed his affidavit for an appeal to this court, which was allowed, and an order entered of record (record, p. 20), "that the defendant be allowed to file his bill of exceptions in this cause on or before sixty days from this date in vacation of said court." The record also recites the following (record, p. 23): "And afterwards, to wit,

on the thirteenth day of February, 1894, in vacation of said court comes the defendant, by his attorney, and files herein his bill of exceptions in this cause."

Under this state of facts we are precluded from an examination into the bill of exceptions and the errors alleged to have occurred on the trial of the cause. The order granting the leave to file a bill of exceptions "on or before sixty days from that date," was made on the fourteenth day of December, 1893. Excluding the fourteenth day of December, 1893, and counting the seventeen days in December, remaining, thirty-one days in January, and twelve days in February, we have the sixty days, in which defendant was permitted to file his exceptions but they were not presented to the judge for his signature until the thirteenth day of February, 1894. As the time had not been extended, the record in the case was closed on the twelfth of February and after that neither the judge nor the parties could add aught to it and the attempt to do so by then filing a bill was without legal sanction and must be disregarded.

This has been repeatedly ruled by this court and of the propriety of those decisions we think there can be no doubt. If a bill filed a day after the time allowed can be considered, then one filed thirty or sixty days should be considered. *State v. Seaton*, 106 Mo. 208; *State v. Clark*, 119 Mo. 426. Under the liberal provisions of section 2168, Revised Statutes, 1889, the parties who suffer the time to lapse without obtaining an extension, have no cause of complaint against the courts.

We have, as in duty bound, examined the record proper and the brief of defendant's counsel and we discover no error in the record proper and it results in an affirmance of the judgment and sentence of the circuit court of Newton county. Judgment affirmed. BURGESS and SHERWOOD, JJ., concur.