LINAHAN v. BARLEY et al., Appellants.

Division One, November 12, 1894.

1. **Practice**: BILL OF EXCEPTIONS: FILING IN VACATION.    Where sixty days' time to file a bill of exceptions was granted, September 30, 1891, that time expired with the twenty-ninth day of November, 1891; and it can not be assumed that the bill reached the judge in season, when it appears to have been signed, November 30, 1891.

2. ————: ————: REHEARING: WAIVER. When a rehearing of a cause is granted, respondent, on the second submission, may insist that the bill of exceptions was not filed in time, although he failed to make that point on the first submission. Such failure does not constitute a waiver on the second hearing of the case.

3. ————: ————. Where a bill of exceptions is not presented to the judge within the time granted for that purpose it can not be considered on appeal.

Linahan v. Barley.

4. **Appellate Practice:** DIMINUTION OF RECORD: JOINDER IN ERROR. Where a fatal defect in the appellate record is first discovered by the court, though not pointed out in the briefs, the rule (number 4) of practice, requiring suggestions of diminution of the record to be made before joinder in error, is not applicable.

*Appeal from Lincoln Circuit Court.*—HON. E. M. HUGHES, Judge.

AFFIRMED.

Defendants appeal from a judgment for plaintiff in ejectment.

The appeal was submitted to the first division and a decision announced affirming the judgment (24 S. W. Rep. 1033).

Later a rehearing was ordered for the reasons indicated in the opinion filed on plaintiff's motion to set aside that order.

That opinion is as follows:

"*Per curiam.*—In this case an opinion was rendered (24 S. W. Rep. 1033), affirming the judgment of the circuit court on the ground that the bill of exceptions was not filed in time.

"Later, upon a motion for rehearing, an affidavit was submitted, which was considered by the court as presenting facts warranting, at least, an effort on defendants' (appellants') part looking to an amendment of the record.

"Inasmuch as the objection to the bill of exceptions was not made by plaintiff (respondent) upon the submission of the appeal, but was discovered by the court later in examining the record, and was regarded as involving a question of the power of the court to review the proceedings at the trial, it was thought proper, in the exercise of discretion, to grant a rehearing, to the end that steps might be taken (if desired, and the facts

warranted) to correct the record of the trial court, and then have it brought here upon *certiorari*, in a shape conforming to the facts, whatever they might be.

"The plaintiff has moved to set aside the order granting a rehearing, supporting the motion with affidavits, intended to show that the present record is correct in all respects.

"It is not the practice of this court to try the question of the correctness of appellate records by affidavits to contradict or support the certified transcript of the proceedings in the trial court. *Wilson v. Taylor* (1894), 119 Mo. 626.

"Ordinarily, applications for *certiorari* should be made before final submission of a cause. But when a fatal defect in the record is noted by the court, but has not been previously pointed out by counsel, we think it only just that an opportunity for a correction should be given, after the defect is indicated.

"To such a state of facts we think rule 4 of the court was not intended to apply.

"If the facts entitle the defendants to have the record amended in the trial court, so as to show compliance with the law in regard to bills of exceptions (R. S. 1889, sec. 2168), and then to have the transcript corrected accordingly in this court, we do not believe the former submission of the cause should be allowed to stand in the way, in the exceptional circumstances exhibited in this case.

"We hence adhere to our ruling granting a rehearing, overrule the motion to vacate that order, and continue the cause to the next term of court for such further proceedings as may be proper."

At the October term, 1894, the cause was again reached for hearing, and duly taken as submitted.

*Martin, Avery & Young* and *Josiah Creech* for appellants.  .

(1)  The amendment of 1889 to section 2168, giving the parties to the suit or their attorneys power to fix or extend the time for filing bills of exceptions by consent in writing without the order of court or judge, was evidently enacted in view of the injustice done to litigants by requiring a strict compliance with the statute, and must be construed as having the effect of making the filing of bills of exception a matter of pure personal privilege with the parties or their attorneys, and not a matter affecting in any way the jurisdiction of the appellate court, because the appellate court acquires jurisdiction of the case upon the filing of the affidavit and bond and the order granting the appeal.  *Foster v. Rucker*, 26 Mo. 494; *Ladd v. Cousins*, 35 Mo. 513; *Stuart v. Stringer*, 41 Mo. 400; *Burgess v. O'Donohue*, 90 Mo. 299.  (2) The failure to have such written agreement made and incorporated in the transcript was a matter which affected, not the jurisdiction of the court, but which affected the respondent's right and privilege in having the court pass upon the whole record, and his appearance in this court, filing abstract of his version of the matter contained in his bill of exceptions, his brief and his general submission of the whole case without questioning the correctness or right to file the bill of exceptions at the time it was filed, was an admission that such consent had been given and a waiver of any objections thereto.  *State v. Daugherty*, 59 Mo. 104; *Morehead v. Adams*, 18 Neb. 571; *Railroad v. Redick*, 14 Neb. 55; *City v. Klenk*, 43 N. W. Rep. 409; *Popfinger v. Yutte*, 102 N. Y. 38.  (3) Where the appellee appears in court and files his abstract of the record, that gives the court jurisdiction to pass upon the whole case.

*Roundy v. Kent*, 37 N. W. Rep. 146; *Lloyd v. Reynolds*, 41 N. W. Rep. 1072; *Sarpy v. Hymel*, 4 S. Rep. 439; *Co. v. Johnson*, 13 Pac. Rep. 17. (4) The agreement to file the bill of exceptions on the day it was filed was made, and the failure of the clerk to insert same in transcript does not divest the court of jurisdiction and ought not to prejudice appellant, inasmuch as the delay was not his fault. *Ellis v. Andrews*, 25 Mo. 327; *Nelson v. Withrow*, 14 Mo. App. 270; *Tel. Co. v. Stevens*, 8 Atl. Rep. 908.

*R. H. Norton* and *Dunn & Murphy* for respondent.

(1) The probabilities are altogether against the correctness of the statement in the affidavit of Mr. Martin, attorney for appellant, that an agreement was made, extending the time for filing the bill of exceptions. (2) On the showing made by the affidavit of appellant's counsel, even if it is to be taken as true, still he does not bring himself within the rule as laid down in section 2168, Revised Statutes, 1889. (3) The court granted the order, allowing sixty days in which to file the bill of exceptions, and we submit no one had the right to extend the time, except the court itself —and then for good cause shown.

BARCLAY, J.—Plaintiff had judgment in the circuit court for possession of a parcel of land in Lincoln county.

The pleadings are in the ordinary form, appropriate to the action of ejectment under our statute. R. S. 1889, secs. 4631, 4632.

The cause was tried before Judge HUGHES and a jury.

Defendants took steps for a review, after their motion for a new trial was denied. At the September

term, 1891, they obtained leave, September 30, to file a bill of exceptions "in sixty days." The bill was signed by the judge, November 30, 1891.

The record on this appeal has not been amended since it came into this court, and we are bound to assume its recitals of facts, as above, to be correct.

It is very plain that the sixty days allowed defendants to tender their bill of exceptions, expired with the twenty-ninth day of November. This is obvious from the language of the statute governing computations of time. R. S. 1889, sec. 6570; *Fulkerson v. Murdock* (1894), 123 Mo. 292.

It does not appear, from the bill of exceptions, or elsewhere in the record, that the bill reached the judge in season. We can not assume that it did, in face of the fact that he allowed and signed it after the time had expired.

The language of our positive law touching bills of exceptions is not obscure on this point of procedure. It is clear enough. R. S. 1889, sec. 2168.

Moreover, its meaning has been frequently declared in decisions of the court and of the separate divisions.

If it is desirable to relax the stringency of the present statutes on the subject, the lawmaking authority is the body to act in that direction.

It is our duty to declare the law as it is written. On the precise point of present concern, it is too well settled by precedents to permit a doubt as to its purport.

Unless a bill is presented in time, it can not be considered on appeal. *State v. Berry* (1891), 103 Mo. 367; *State v. Apperson* (1893), 115 Mo. 470; *State v. Ryan* (1894), 120 Mo. 88.

The bill in this case was filed too late to acquire a place as part of the authentic record of the cause.

Defendants claim, however, that plaintiff waived his right to urge the invalidity of the bill of exceptions, because that point was not made on the first hearing in this court. But a rehearing was granted; and, on the final submission of the cause at the present term, the plaintiff, respondent, insists that the judgment should be affirmed for the reasons above discussed.

In view of the facts furnished by the record before us, there is no alternative but to sustain that contention.

When a rehearing is granted in this court, the parties are entitled to deal with the cause upon the record as it stands when it is finally submitted for decision; at least so far as concerns the question considered in this opinion. *Danforth v. Railroad* (1894), 123 Mo. 196.

No errors are assigned or suggested in any of the proceedings of the trial court, preserved by the record proper.

The judgment is affirmed. BLACK, C. J., and BRACE and MACFARLANE, JJ., concur.