CROCKER, etc., Respondent, v. GRAYSON, etc., Appellant.

St. Louis Court of Appeals, April 14, 1908.

**PRACTICE: Time: Filing Bill of Exceptions.**   Where an appellant, on the 7th day of August, was granted ninety days in which to file a bill of exceptions and afterwards filed the same on the 6th day of November, it was not filed in time, ninety-one days intervening between the two dates; section 4160, Revised Statutes 1899, provides in such cases that the time shall be computed by excluding the first day and including the last.

Appeal from Pemiscot Circuit Court.—*Hon. Henry C. Riley,* Judge.

AFFIRMED.

*Duncan & Bragg* for appellant.

*Bond, Marshall & Bond* for respondent.

NORTONI, J.—Plaintiff recovered in the circuit court and defendant appeals.   On the 7th day of August, 1906, during the term, the court granted defendant ninety days from that date in which to prepare and file his bill of exceptions.   No further extension of time was thereafter given either by the court or the judge in vacation.   The bill of exceptions was filed, as appears by the record, on the 6th day of November, 1906.   Plaintiff now moves that the judgment be affirmed for the reason the bill was filed out of time.   Our statute (sec. 4160, R. S. 1899, Mo. Ann. St. 1906, sec. 4160) provides that

the time within which the act is to be done shall be computed by excluding the first day and including the last. To apply this rule to the case now before us, it appears that ninety-one days intervened between the 7th of August, on which date leave was granted, and the 6th day of November, the date on which the bill was filed. Excluding the 7th day of August, in accordance with the behest of the statute, it appears by actual count the bill was filed ninety-one days thereafter, to-wit: November 6th. It is the rule that the bill of exceptions must be filed within the time granted, otherwise its contents will not be reviewed by an appellate tribunal, and the rule as to the compution of time in such matters is strictly observed and enforced by the courts, as will more fully appear by reference to the following authorities in point. [Graham v. Deguire, 154 Mo. 88; 55 S. W. 151; State v. Harris, 121 Mo. 445, 26 S. W. 558; State v. Seaton, 106 Mo. 198, 17 S. W. 169; State v. Simmons, 124 Mo. 443, 27 S. W. 1108; Linahan v. Barley, 124 Mo. 560, 28 S. W. 84.]

For the reasons stated, we are not permitted to review those assignments of error predicated upon matters of exception contained in the bill. In such circumstances, we are permitted only to review the record proper for error. [State v. Seaton, 106 Mo. 198.] Although there are neither assignments of error nor arguments directed against the sufficiency of the record, we have carefully looked through the same for error. None appears, however. The pleadings are sufficient to support the judgment and the proceedings appear to have been regular. The judgment will therefore be affirmed. It is so ordered. *Bland, P. J.,* and *Goode, J.,* concur.