### Sanford Turner v. The State.

#### No. 4036.  Decided April 12, 1916.

**1.—Assault to Murder—Statement of Facts—Rehearing.**

Where the statement of facts appeared not to be signed and approved by the trial judge and the judgment was thereupon affirmed without passing on the merit, but the clerk of the lower court by inadvertence did not send up the statement of facts, as approved by the judge, but did so after the affirmance, the case will be heard on its merits.

**2.—Same—Charge of Court—Aggravated Assault—Arrest—Officers—Warrant.**

Where, upon trial of assault to murder, the defendant claimed that he resisted an unlawful arrest, but the evidence showed that there was no attempt by the party injured to make an arrest or that the issue of aggravated assault was raised, there was no error in the court's failure to submit charges on these matters, and it was immaterial whether the warrant of arrest was legally issued; the court submitting the issue of self-defense, which alone was raised by the evidence.

Appeal from the District Court of Colorado. Tried below before the Hon. M. Kennon.

Appeal from a conviction of an assault to murder; penalty, ten years imprisonment in the penitentiary.

The opinion states the case.

*E. Summang,* for appellant.—On question of arrest: Alford v. State, 8 Texas Crim. App., 545; Earles v. State, 47 Texas Crim. Rep., 559; Cortez v. State, 44 id., 169; Sullivan v. State, 148 S. W. Rep., 1091.

*C. C. McDonald,* Assistant Attorney General, for the State.

HARPER, JUDGE.—Appellant was convicted of assault to murder, and his punishment assessed at ten years confinement in the State penitentiary.

The only bills of exception in the record complain of the action of the court in failing to give several special charges requested by appellant. There is with the record what purports to be a statement of the evidence had on the trial of the case, but it does not show to have ever been presented to the trial judge, and it is not approved nor signed by him. To be of any validity whatever, the statement of facts must be approved and signed by the trial judge. Lawrence v. State, 7 Texas Crim. App., 192; Bennett v. State, 16 Texas Crim. App., 236; Johnson v. State, 29 Texas, 492; Hurst v. State, 39 Texas Crim. Rep., 196, and cases cited under section 1169, White's Ann. C. C. P. With no statement of the evidence we are authorized to consider, we can not pass upon whether the special charges should have been given, for in the absence of a statement of facts, if the charge is applicable to any state of facts that might be proven under the indictment, this court must presume the trial court submitted to the jury the law, and all the law, applicable to the testimony. Wright v. State, 37 Texas Crim. Rep., 146, and cases cited under section 1170, White's Ann. C. C. P.

The judgment is affirmed.

*Affirmed.*

### ON REHEARING.

### May 3, 1916.

HARPER, JUDGE.—On a former day of this term this case was affirmed, without passing on the merits. Since that time the clerk has sent to this court a statement of facts, approved by the trial judge, and states it was by mistake on his part this statement did not accompany the record originally; and under the circumstances appellant is entitled to have it considered.

The evidence would show, without dispute, that a complaint was filed in the County Court by Wash Austin, charging appellant with tearing down Austin's fence; a warrant was issued and placed in the hands of Constable John Wegenhoft, who got A. M. Reed to go with him, and they went to appellant's place to arrest him on this warrant. Arriving at appellant's home, they inquired of his sister for him and were told that appellant was in the field at work, giving directions. From this point there is a sharp conflict in the testimony. The State's case, as sworn to by Wegenhoft and Reed, is that when they came in sight and near appellant he dropped his plow lines and made for a Winchester rifle that was leaning against a tree; that Wegenhoft called to him, "Sanford, don't pick up that gun." Appellant paid no attention to the remark, but grabbed his gun and shot at Wegenhoft. The constable and Mr. Reed say they dodged in the bushes, when appellant shot again.

That they then returned the shots. Mr. Reed and appellant both received wounds on this occasion.

Appellant's contention is, and in it he is supported by his sister, Annie Turner, that when he saw Wegenhoft and Reed approaching he did not recognize them, and when they got near to him, and before he turned his plow loose, one of them threw a gun in shooting position, and said, "Oh, yes, old negro, we have got you now"; that he ducked between his plow handles and ran for his rifle; that before he got to his rifle they shot at him, and fired at him a second time before he shot his rifle. Thus it is seen there is a direct conflict in the testimony.

Appellant excepted to the court's charge in two particulars, and the court gave two of appellant's requested charges, covering the matters complained of in the exception to the charge. There was no exception to the charge on the ground that it did not submit aggravated assault, but a number of special charges were requested on the issue of aggravated assault, and it is to the failure to give these charges and each of them the bills of exception were reserved.

Appellant contends that the court should have instructed the jury that the attempted arrest was illegal, as no information had been filed when the warrant was issued. We think the court was correct in holding that it was immaterial whether the warrant was legally or illegally issued. The constable never got to the point where he attempted to make any arrest, according to the testimony of both the State and the defendant. According to the State's testimony, when the officer got in good view appellant made for his rifle before the officer spoke to him or attempted to make any arrest, and when the officer did speak, he said, "Sanford, don't pick up that gun," when appellant picked it up and at once shot. If appellant had waited a few minutes until the officer got to him, doubtless he would have attempted to make an arrest, and then the issue sought to be raised by appellant in his special charges might be in the case. According to the defendant's testimony, he did not know the two men were officers, and they said and did nothing to apprise him of that fact, or that they were coming to arrest him, but that they instead threw a gun in shooting position and said, "Oh, yes, old negro, we have got you now," and he thought they intended to kill him. There was no attempted arrest, and no resistance of an attempted arrest, nor could it, nor did it so appear to defendant according to his own testimony. He swears most positively he did not know the men were officers, and they said or did nothing to apprise him of that fact, or that they were approaching him to effect an arrest. He says he thought they were men hunting. As there is no resisting an officer, attempting to illegally make an arrest, and appellant used a Winchester rifle at close range, the issue of aggravated assault is not in the case. The court fully presented self-defense in his main charge and in the special charges given at the request of appellant. The evidence only raises the issues of assault to murder and self-defense, and these issues being fully and properly presented, the judgment should be affirmed.

The motion for rehearing is granted in order that the case might be heard on its merits, but the judgment is again affirmed.

*Affirmed.*