MELVIN DOBESH, APPELLEE, V. ASSOCIATED ASPHALT CONTRACTORS, INC., ET AL.: VILLAGE OF ANSLEY ET AL., APPELLANTS.

289 N. W. 369

FILED DECEMBER 20, 1939. No. 30741.

*Evans & Lee, Chambers, Holland & Locke* and *T. J. Kiesselbach,* for appellants.

*Allan F. Black* and *Perry, Van Pelt & Marti, contra.*

Heard before SIMMONS, C. J., EBERLY, PAINE, CARTER, MESSMORE and JOHNSEN, JJ.

CARTER, J.

This is a motion to vacate a judgment dismissing an appeal for want of jurisdiction in a compensation case, and for leave to file a supplemental and amended transcript showing that jurisdiction in fact existed.

When this case was previously before this court, it was discovered that the transcript showed that the judgment in the district court was entered on May 8, 1939. The

record before the court further showed that an authenticated transcript of the proceedings was filed in this court on June 12, 1939. The motion for a new trial was shown therein as having been filed on May 15, 1939. We held, correctly we think, that the motion for a new trial and the transcript of the proceedings were filed out of time and that this court did not have jurisdiction to hear the appeal. *Dobesh v. Associated Asphalt Contractors, ante,* p. 1, 288 N. W. 32.

The appellants now move the court for an order vacating the judgment of dismissal and for leave to file an amended and supplemental transcript for the reason that the records of the district court in fact show that the motion for a new trial was filed on May 15, 1939, and that the judgment was filed and spread on the journal of the court on May 15, 1939, which facts, if properly appearing in the transcript of the proceedings, would lodge jurisdiction in this court.

The record does not show that a motion to dismiss for want of jurisdiction was ever filed in this court by the appellee, or that appellants were apprised of the error of the clerk of the district court at any time prior to the dismissal of the appeal by this court. Obviously, an injustice would be done the appellants to thus finally dispose of their case if, as a matter of fact, a properly prepared transcript would have invoked the appellate jurisdiction of this court.

Appellee contends that the law applicable to such a state of facts casts upon the appellants the duty of procuring and filing a transcript of the proceedings in this court showing all facts necessary for the jurisdiction of this court to attach. While this is undoubtedly the rule in some jurisdictions, we do not think it is a salutary one. In our opinion, the correct rule to be applied to the facts in the case before us is: When it appears that an appeal was dismissed solely because the transcript did not show facts sufficient to give this court jurisdiction on appeal due to mistake in the preparation of such transcript, and it further appears that appellants were not apprised of such defects in the transcript until the judgment of the court was entered dismissing the appeal,

this court will, if timely application be made accompanied by a showing of such mistake, vacate the order of dismissal and permit a correction of the record by the filing of a supplemental transcript. While we do not feel obliged to follow the holdings of other jurisdictions on a matter of practice and procedure, the following cases do sustain the rule announced. *Allerding v. Cross*, 15 Wis. 587; *Dabney v. Stearns*, 73 Wash. 583, 132 Pac. 400; *Linahan v. Barley*, 124 Mo. 560, 28 S. W. 84; *Turner v. State*, 79 Tex. Cr. Rep. 390, 186 S. W. 322; *Sullivan v. Tremont & Gulf Ry. Co.*, 4 La. App. 358.

The judgment of dismissal heretofore entered will therefore be vacated and set aside, and leave granted the appellants to file a supplemental transcript within fifteen days.

JUDGMENT OF DISMISSAL VACATED, AND LEAVE TO FILE SUPPLEMENTAL TRANSCRIPT GRANTED.