CLIFTON BRYANT, APPELLANT, V. EDMOND E. GREENE, APPELLEE.

81 N. W. 2d 580

Filed March 8, 1957. No. 34032.

*Alfred A. Fiedler* and *Ira Epstien*, for appellant.

*Robinson, Hruska, Crawford, Garvey & Nye,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

Plaintiff brought this action to recover damages for personal injuries received when he was struck by the automobile of the defendant on a pedestrian cross walk in the city of Omaha. The trial court sustained a motion for a directed verdict at the close of plaintiff's evidence and the plaintiff appealed.

A former opinion in the case disposed of the appeal on the basis of a failure to procure a bill of exceptions properly authenticated as required by statute and the rules of this court. Bryant v. Greene, 163 Neb. 497, 80 N. W. 2d 137. This court by order after a proper showing permitted the filing of a supplemental transcript establishing that an extension of time for the preparation of the bill of exceptions was actually procured and that the bill of exceptions was in fact a proper one for the consideration of this court. We hereby vacate the affirmance of the judgment heretofore entered and will now determine the appeal on the record presently before the court. The rule in such cases is: Where it appears that a judgment of affirmance was entered on the basis of there being no properly authenticated bill of exceptions, and it further appears upon the filing of a supplemental transcript that the bill was in fact properly obtained and settled, this court will, if timely application be made accompanied by a proper showing, vacate the judgment of affirmance and permit a correction of the defective record. See Dobesh v. Associated Asphalt Contractors, 137 Neb. 342, 289 N. W. 369.

The petition alleges that plaintiff, on May 27, 1954, while crossing a street intersection at Twenty-eighth and Q Streets in Omaha, was negligently struck and injured by defendant's car while he was operating his

automobile at that point. The answer alleges that the accident resulted from the negligence of the plaintiff and, further, that plaintiff had accepted a settlement of his claim and released the defendant from liability. The plaintiff in his reply alleged that the release was procured by misrepresentation and fraud, and that the purported settlement was inadequate as compensation for the injuries sustained.

Under the state of the record, the question of the negligence of the defendant and the contributory negligence of the plaintiff was a question for the jury. It is not contended otherwise and we shall not further consider this question. The issue here involved is whether or not the trial court correctly determined that there was insufficient evidence for the jury on the question of misrepresentation and fraud in the procurement of the settlement and written release.

The evidence shows that plaintiff was an employee in a meat packing plant. He left the plant about 4:20 p.m. He stopped at the northeast corner of the intersection of Twenty-eighth and Q streets and when the traffic light turned green, he started south across Q Street at the cross walk on the east side of the intersection. When he was within approximately 6 feet of the south curb of Q Street he was struck by defendant's automobile as it was making a right turn from Twenty-eighth Street onto Q Street. Defendant did not stop but reported to a policeman about 2 blocks away that he thought he had hit a pedestrian at about Twenty-eighth Street. The defendant was later arrested on the charge of leaving the scene of an accident contrary to the provisions of section 39-762, R. R. S. 1943. The plaintiff also stated that he was arrested and required to give bond. The basis of plaintiff's arrest is not shown by the record. Plaintiff testified that the accident occurred on a Thursday and that he lost 2 days' work before the settlement was made and the written release executed on June 12,

1954. He had also incurred hospital and medical expenses prior to that time.

On June 12, 1954, plaintiff went to the office of a representative of defendant's insurance carrier. Plaintiff's evidence is that he was informed that he would be reimbursed for the 2 days' pay which he had lost and for his hospital and medical expenses up to that time. He was given $34 for the 2 days' employment and he was required to endorse a check in the amount of $27.65 to the Nebraska Methodist Hospital for services rendered on May 28 and 29, 1954. Other hospital and medical bills were not paid at the time of trial.

Plaintiff was 26 years of age. He had finished his schooling at the age of 13 years and had worked since at common labor. He testified that he had never been arrested previously. He testified further that the representative of the insurance carrier told him that he was in trouble with a "bunch of cops," that he would be paid for the 2 days he lost from his work and all the hospital bills, and that he would not have to worry about going to jail. He said he asked about payment for his injuries and the representative of the insurance carrier said that "it would just only take care of the hospital bills and for the two days I missed work, $34."

In an appeal from an order directing a verdict and dismissing an action, the party against whom the verdict was directed is entitled to have every controverted fact resolved in his favor and to have the benefit of every inference that can reasonably be deduced from the evidence. Bartek v. Glasers Provisions Co., Inc., 160 Neb. 794, 71 N. W. 2d 466; Stark v. Turner, 154 Neb. 268, 47 N. W. 2d 569.

Applying this rule, it appears that the representative of the insurance carrier represented to the plaintiff that all he was entitled to was compensation for 2 days' pay and the hospital bills that had been incurred. The representative of the insurance carrier in effect told him he had nothing coming for any injuries he had sustained.

The evidence also shows that the representative of the insurance carrier told plaintiff that he was in trouble with the police and that the payment of the amounts agreed upon would relieve him of his worry about going to jail. The record shows that plaintiff was concerned about his arrest and a fear that he might go to jail, matters that had no relation whatever to the insurance carrier's liability to him.

The evidence shows that plaintiff's injuries included an injury to his right hand, a severe contusion of the lumbar area of his back, and a bruising of his muscles and other soft tissues. The injuries sustained were greatly in excess of the amount of the settlement, in fact the settlement allowed nothing for these injuries. This is a fact properly to be considered in determining if the plaintiff had been overreached when he was induced to accept the settlement and sign the written release. The rule is: When the amount received in settlement is grossly inadequate to compensate for the injuries sustained, that fact may be considered, with the other evidence and circumstances shown, as tending to show unfair practice, that the party had been overreached, and that the minds of the parties had never met in the consummation of a valid agreement. Collins v. Hughes & Riddle, 134 Neb. 380, 278 N. W. 888; Baumann v. Hutchinson, 124 Neb. 188, 245 N. W. 596.

The plaintiff was a common laborer without experience in matters of this kind. The representative of the insurance carrier was experienced in this field and used his knowledge of the legal liabilities involved and plaintiff's fear of police entanglements to induce an unjust and unfair settlement and release. Plaintiff's injuries were so serious, according to the undisputed evidence, and so disproportionate to the amount actually paid as compensation therefor, as to clearly support an inference of fraud. It is clear also that plaintiff had suffered injuries clearly in excess of any that were contemplated by the parties when the settlement and release were made.

This is evidence which likewise may be considered, along with the other evidence and circumstances, even though it is more in the nature of mutual mistake, but which in proper cases has been held to be a valid ground for setting aside such a settlement. Simpson v. Omaha & C. B. St. Ry. Co., 107 Neb. 779, 186 N. W. 1001.

Upon a consideration of the evidence and the surrounding circumstances, together with the reasonable inferences to be drawn therefrom, we conclude that the evidence was sufficient for consideration by a jury to determine if the settlement and release were obtained by misrepresentation and fraud. The trial court was therefore in error in directing a verdict for the defendant at the close of plaintiff's case on this issue. The judgment is reversed and the cause remanded for a new trial in accordance with the views expressed in this opinion.

REVERSED AND REMANDED.