State of Nebraska ex rel. Nebraska State Bar Association, Relator, v. Charles R. Valgora, Respondent.

576 N.W. 2d 468

Filed March 20, 1998.   No. S-98-162.

White, C.J., Caporale, Connolly, Gerrard, Stephan, and McCormack, JJ.

Per Curiam.

Charles R. Valgora was admitted to the practice of law in the State of Nebraska on September 28, 1995.

On July 18, 1996, Valgora was retained to assist a client in the adoption of her children by her current husband. Valgora failed to attend the final adoption hearing on August 5, 1997, and failed to provide all the necessary documents to complete the adoption. Instead, Valgora delegated his responsibilities to the guardian ad litem and asked her to prepare the necessary documents.

On November 1, 1996, Valgora was retained to represent a client regarding modification of a child custody order. At that time, the client paid Valgora $200. Thereafter, Valgora failed to take any steps to represent the client and failed to refund her money. On June 2, 1997, the client filed a complaint with the Nebraska State Bar Association. In response to the complaint, Valgora stated that he had notified the client in February 1997 that he was withdrawing from her case, when, in fact, he had not so notified the client. In June 1997, Valgora refunded $200 to the client. When Valgora was asked by the Assistant Counsel for Discipline to produce the letter he claimed to have written to the client in February 1997, Valgora created a false letter and submitted it to the Assistant Counsel for Discipline in order to cover up his false statement.

On November 11, 1996, Valgora was retained to represent a client regarding modification of a child custody order. Prior to trial, Valgora did no formal discovery regarding any of the issues set forth in the client's application for modification of decree, nor did he interview any witnesses. Further, he did not

subpoena any witnesses for trial or make other arrangements for the attendance of witnesses on his client's behalf.

On November 19, 1996, Valgora was retained to represent a client in a dissolution of marriage case. Valgora failed to timely file an answer in the proceeding and generally neglected the client's case.

On December 6, 1996, Valgora was retained to represent a client in a bankruptcy case. At that time, he was paid $175 for filing fees. Valgora did not deposit the funds into his attorney trust account, but, rather, deposited them into his business account. Valgora did not pay the filing fees until April 4, 1997, said payment being made out of his business account.

On July 18, 1997, Valgora withdrew $1,800 from his attorney trust account for his personal use, and on July 28, he withdrew $1,431.60 from his attorney trust account for his personal use.

On February 26, 1998, Valgora voluntarily surrendered his license to practice law in the State of Nebraska pursuant to Neb. Ct. R. of Discipline 15 (rev. 1996). In so doing, Valgora specifically admitted that he had violated Canon 1, DR 1-102(A)(1), (4), and (6); Canon 6, DR 6-101(A)(2) and (3); Canon 7, DR 7-102(A)(5); and Canon 9, DR 9-102(A)(1) and (2) and (B)(3), of the Code of Professional Responsibility, as adopted by the Nebraska Supreme Court. Valgora expressly waived his right to notice, appearance, or hearing prior to entry of this order.

We accept Valgora's surrender of his license to practice law in the State of Nebraska and order him disbarred from the practice of law in the State of Nebraska, effective immediately. Valgora is directed to comply with Neb. Ct. R. of Discipline 16 (rev. 1996).

JUDGMENT OF DISBARMENT.

WRIGHT, J., not participating.