RYAN P. DELGADO, APPELLEE AND CROSS-APPELLANT, V. ALVIN ABRAMSON, DIRECTOR OF THE DEPARTMENT OF MOTOR VEHICLES FOR THE STATE OF NEBRASKA, AND THE DEPARTMENT OF MOTOR VEHICLES FOR THE STATE OF NEBRASKA, APPELLANTS AND CROSS-APPELLEES.

578 N.W. 2d 833

Filed May 8, 1998.    No. S-97-166.

Don Stenberg, Attorney General, and Paul N. Potadle for appellants.

Dorothy A. Walker, P.C., for appellee.

WHITE, C.J., CAPORALE, WRIGHT, CONNOLLY, GERRARD, STEPHAN, and MCCORMACK, JJ.

CONNOLLY, J.

The director of the Department of Motor Vehicles for the State of Nebraska revoked Ryan P. Delgado's operator's license for a period of 3 years because Delgado had accumulated a total of 12 or more points within any 2-year period for the second time within a 5-year period. Delgado appealed the revocation to the district court, contending that the points assessed against his driving record were calculated improperly. The district court determined that the amended transcript of the license revocation proceedings before the director was not sufficient to support the order of revocation. The district court determined that the amended transcript did not contain abstract of conviction reports as required by Neb. Rev. Stat. §§ 60-497, 60-497.01, and 60-497.03 (Reissue 1993). The district court vacated the director's order on that basis. The director and the Department of Motor Vehicles for the State of Nebraska (hereinafter referred to collectively as director) appeal, and Delgado cross-appeals. We conclude that the amended transcript was sufficient to sustain the director's order revoking Delgado's license and that the points were correctly calculated. Accordingly, we reverse.

## BACKGROUND

On August 3, 1995, the director revoked Delgado's driver's license for a period of 6 months because Delgado had accumu-

lated a total of 12 or more points within a 2-year period. Delgado's license was reinstated on March 4, 1996. On October 31, the director again revoked Delgado's license for a period of 3 years because Delgado had for the second time in any 5-year period accumulated a total of 12 or more points in any 2-year period. The convictions leading to both license revocations were as follows:

6-Month Revocation — August 3, 1995

| Citation Date | Judgment Date | Offense | Points |
|---|---|---|---|
| 09/19/1993 | 09/28/1993 | Speeding | 3 |
| 04/14/1994 | 04/28/1994 | Speeding | 3 |
| 05/01/1994 | 06/28/1994 | Violate Stop Sign | 1 |
| 12/13/1994 | 12/16/1994 | Speeding | 3 |
| 03/28/1995 | 07/28/1995 | Speeding | 3 |

3-Year Revocation — October 31, 1996

| Citation Date | Judgment Date | Offense | Points |
|---|---|---|---|
| 05/08/1995 | 07/28/1995 | Speeding | 3 |
| 05/10/1995 | 07/28/1995 | Negligent Driving | 3 |
| 05/06/1996 | 05/30/1996 | Speeding | 3 |
| 10/08/1996 | 10/28/1996 | Speeding | 3 |

Delgado appealed the revocation of his license to the district court, contending that the director incorrectly considered the citations he received in May 1995 when calculating the number of points he had accumulated pursuant to Neb. Rev. Stat. §§ 60-4,183 and 60-4,186 (Reissue 1993). Pursuant to Neb. Rev. Stat. § 60-4,105 (Cum. Supp. 1996), the director prepared a transcript of the proceedings related to Delgado's license revocation, which was subsequently supplemented and amended.

The transcript contained the order of the director revoking Delgado's license, photocopies of abstracts of conviction for some of Delgado's convictions, and several computer printouts of Delgado's driving record showing the rest of Delgado's convictions. The computer printouts consisted of driving records and abstracts kept by the director and came from the director's computers. The computer documents were certified by the director as being correct and contained information regarding the dates citations were given, the dates of judgments, the

offenses, the courts involved, and the number of points charged. Delgado contended that the transcript was not sufficient to sustain the revocation of his license because some of the information regarding his convictions was in the form of computer printouts rather than in the form of abstract of conviction reports as required by § 60-497.03.

The district court determined that the amended transcript was not sufficient to sustain the director's revocation of Delgado's license because the transcript did not contain abstracts of conviction for all of Delgado's convictions. The district court further concluded that the computer printouts could not be termed "electronic abstract[s] of conviction" in order to be acceptable under § 60-497.03. Accordingly, the district court vacated the director's order revoking Delgado's license. The director appeals, and Delgado cross-appeals.

## ASSIGNMENTS OF ERROR

The director assigns that the district court erred in determining that the amended transcript was insufficient because it failed to contain abstract of conviction reports. On cross-appeal, Delgado assigns that the district court erred in failing to determine that the director improperly considered points Delgado accumulated due to tickets he received in May 1995 when the director revoked Delgado's license for the second time.

## STANDARD OF REVIEW

An appellate court's review of a district court's review of a decision of the director of the Department of Motor Vehicles is de novo on the record. *Huddleson v. Abramson*, 252 Neb. 286, 561 N.W.2d 580 (1997); *Clayton v. Nebraska Dept. of Motor Vehicles*, 247 Neb. 49, 524 N.W.2d 562 (1994).

## ANALYSIS

### DIRECTOR'S APPEAL

The director contends that the amended transcript was sufficient to support the order revoking Delgado's license because the transcript contained computer printouts showing Delgado's driving record and because under §§ 60-497, 60-497.01, and 60-497.03, abstracts of conviction may be transmitted electronically. Delgado argues that the district court was correct in

determining that the amended transcript was insufficient to support the order of revocation because the transcript did not contain abstract of conviction reports as required by §§ 60-497, 60-497.01, and 60-497.03. In particular, Delgado contends that the record does not show that the electronic printouts contain information sent by the district court in an approved format as required by § 60-497.03 and that because the printouts are working records of the director, they cannot be considered as electronically transmitted abstracts of conviction pursuant to § 60-497.03.

The requirements for driving abstract records are governed by statute. *Jacobson v. Higgins*, 243 Neb. 485, 500 N.W.2d 558 (1993). Statutory language is to be given its plain and ordinary meaning. In addition, this court will, if possible, try to avoid a construction which would lead to absurd, unconscionable, or unjust results. *Hilliard v. Robertson*, 253 Neb. 232, 570 N.W.2d 180 (1997); *Southeast Rur. Vol. Fire Dept. v. Neb. Dept. of Rev.*, 251 Neb. 852, 560 N.W.2d 436 (1997).

When the revocation of an operator's license is appealed, § 60-4,105 requires the director to prepare a transcript of the proceedings relating to the revocation. This transcript is then filed by the driver in district court.

Neb. Rev. Stat. § 60-4,104 (Reissue 1993) states:

A copy of the order of the director suspending or revoking any operator's license or the privilege of operating a motor vehicle, duly certified by the director and bearing the seal of the Department of Motor Vehicles, shall be admissible in evidence without further proof and *shall be prima facie evidence of the facts therein stated in any proceeding, civil or criminal*, in which such suspension or revocation is an issuable fact.

(Emphasis supplied.)

Section 60-497.01(1) requires the courts to transmit to the director an abstract of the court record in every case in which a person is convicted of violating the Nebraska Rules of the Road. Section 60-497.03 reads in part as follows:

To enable the director punctually and economically to perform his or her ministerial duties in revoking or suspending operators' licenses and to insure uniformity in the

keeping of records of operators' licenses suspended or revoked by the courts of the state, the director shall authorize electronic transmission of abstract-of-conviction reports. The director in consultation with the State Court Administrator shall prescribe the standard format of abstract-of-conviction reports.

Section 60-4,183 requires the director to summarily revoke an operator's license when, as disclosed by the records of the director, the person has accumulated a total of 12 or more points within a period of 2 years.

In the instant case, the order of the director revoking Delgado's license due to the accumulation of 12 or more points was in the transcript. Under § 60-4,104, such an order is prima facie evidence of the facts stated therein, thus shifting the burden to Delgado to rebut the correctness of that order.

The computer abstract of Delgado's driving record provides the dates Delgado received citations, the dates of judgments, the offenses, the courts, and the number of points assessed. Thus, the transcript contains the information needed in order for a court to determine whether or not Delgado's license was properly revoked. In addition, Delgado does not contend that the information in the computer abstract is incorrect. The interpretation of §§ 60-497.01 and 60-497.03 that Delgado asks us to adopt would ignore the fact that the burden is on Delgado to show that the revocation of his license was in error. Because the transcript provides sufficient information to determine whether the revocation of Delgado's license was appropriate, and the accuracy of that information is not disputed, Delgado has not met this burden. Accordingly, the conclusion of the district court that the amended transcript was insufficient to sustain the revocation of Delgado's license and its order entered therein are reversed.

## DELGADO'S CROSS-APPEAL

On cross-appeal, Delgado contends that the director incorrectly considered the citations he received in May 1995 when revoking his license on October 31, 1996, for the second time. Delgado argues that because the director learned Delgado had exceeded 12 points within a 2-year period on July 28, 1995, all

points Delgado had accumulated due to his July 28 convictions and all earlier convictions must be disregarded by the director when he makes any subsequent revocation.

Section 60-4,183 provides in part:

> Whenever it comes to the attention of the director that any person has, as disclosed by the records of the director, accumulated a total of twelve or more points within any period of two years . . . the director shall (1) summarily revoke the operator's license of such person . . . .
>
> . . . .
>
> Such revocation shall be for a period of six months from the date of the signing of the order of revocation . . . .

Section 60-4,186 provides that any person whose license has been revoked a second time within 5 years shall have his or her license revoked for a period of 3 years. Neb. Rev. Stat. § 60-4,182(13) (Cum. Supp. 1996) requires that points be assessed against the driving record of the operator as of the date of the violation resulting in the conviction. Neb. Rev. Stat. § 60-4,185 (Reissue 1993) states:

> When the operators' license of such person is revoked or suspended for a period of at least six months by the order of conviction or as provided by sections 60-4,182 to 60-4,186, points accumulated by reason of the conviction containing such order of revocation, or the conviction bringing the total number of points charged to such person to twelve or more, and all prior points accumulated, shall be disregarded so far as any subsequent revocation is concerned.

In the instant case, Delgado urges this court to adopt an interpretation of §§ 60-4,183 and 60-4,185 that would make the date the director learned of an accumulation of 12 or more points the measuring date for when points will be disregarded for subsequent revocations. However, such an interpretation ignores the plain meaning of §§ 60-4,185 and 60-4,182(13). These statutes provide that only points accumulated by reason of the conviction bringing the total number of points to 12 or more and all prior points are disregarded. More importantly, points are assessed against a driver's record as of the date of the violation, not the date when the director becomes aware of the violation.

Applying the statutes to Delgado's case, his conviction on July 28, 1995, for the citation received on March 28 gave Delgado a total of 13 points as of March 28. Thus, the points accumulated for the March 28 citation and all earlier points are disregarded. The points assessed to Delgado for the May 1995 citations occurred subsequently and are not disregarded. Accordingly, the director correctly determined the points that applied toward Delgado's second license revocation, and the cross-appeal is without merit.

REVERSED.

CAPORALE, J., concurring.

I recognize that the constitutionality of Neb. Rev. Stat. § 60-497.03 (Reissue 1993) has not been put in issue. However, I humbly suggest that such circumstance does not relieve us of our obligation to avoid even the appearance of impropriety. See Neb. Code of Jud. Cond., Canon 2 (rev. 1992).

It seems to me that § 60-497.03 impermissibly purports to impose upon an employee of the judicial department, the State Court Administrator, a duty more appropriately belonging to an executive department attorney. See, Neb. Const. art. II, § 1 (unless specifically provided otherwise, member of one of three distinct departments of government is prohibited from exercising power properly belonging to either of other departments); *In re Interest of Constance G., ante* p. 96, 575 N.W.2d 133 (1998). While the record does not reveal whether the administrator in fact consulted with the Director of Motor Vehicles as contemplated by § 60-497.03, and for that reason I must acquiesce in the majority's judgment, a reasonable motorist might nonetheless well reason that such was done and question how such consultation influenced the judgment of this court.

I respectfully submit that we ought to make clear that this court will give any statute purporting to assign executive or legislative duties to its employees the same deference it has given Neb. Rev. Stat. § 24-212 (Reissue 1995), purporting to require its reporter to show the name of the judge writing an opinion; that is, none. See, e.g., *State ex rel. NSBA v. Valgora, ante* p. 267, 576 N.W.2d 468 (1998); *DeBacker v. Brainard*, 183 Neb. 461, 161 N.W.2d 508 (1968); *Dobesh v. Associated Asphalt Contractors*, 137 Neb. 1, 288 N.W. 32 (1939), *judgment*

*vacated* 137 Neb. 342, 289 N.W. 369. After all, if any institution of government ought to make clear that it does not go along to get along, it is the judiciary.